## Potter *versus* Sterrett.

By an agreement under seal, two parties appointed three persons named to settle their accounts, it being provided that "if either of the referees aforesaid do not attend at the time and place appointed, another or others are to be chosen in their room." *Held,* that one of the referees having died, the surviving referees had no power, under the submission, to appoint a third, and that their award, made in the absence of one of the parties and against his consent, was without authority, and was properly set aside.

ERROR to the Common Pleas of *Mifflin county.*

John Sterrett and James Potter were engaged for a number of years as partners in mercantile business, prior to 1849, and failed. In order to a settlement of their accounts, on the 17th September, 1849, they entered into an agreement, under seal, to submit their accounts to three persons named, who were to examine the same, and report the amount due from the one to the other; upon which report judgment was to be entered by the prothonotary of Mifflin county. The referees were to meet on thirty days' notice—the report to be final and conclusive. After other provisions, it was agreed as follows: "If either of the referees aforesaid do not attend at the time and place appointed, another or others are to be chosen in their room."

It was stated on the paper-book, that on August 6, 1850, one of the referees attended in "pursuance of the adjournment of this case, and in consequence of the absence of the other two, he adjourned. On 24th September, 1850, and on November 5, 1850, one of them attended and adjourned. On November 6, 1850, two of the referees met, and adjourned till next day, when they again met, and it was stated in the paper-book that one of the referees having died, and *the parties failing to choose a referee in his place,* and the plaintiff, Sterrett, desiring the referees to choose another, they selected a third person as referee in place of the one deceased, and adjourned. Potter did not participate in this selection, and it appeared that he had previously removed from the state.

Before the referees acted upon the matter the counsel of Potter appeared at a meeting of two of the original referees, and stated that Potter would take no further notice of their proceedings. After attendance on several occasions by one or two of the referees, the three met on 7th January, 1851, and after hearing Sterrett, one of the parties, Potter not being present, they adjourned; and on the 16th January, 1851, they awarded in favor of Sterrett $37,227. Their report was filed in the prothonotary's office. Exceptions were filed to it, some of which were, that it was not made by the three referees to whom the case had been submitted —that the two referees had no power to supply the vacancy occa-

sioned by death—that the defendant had no notice of any meeting subsequent to such death, and that the submission had been revoked before the organization of the arbitrators.

The award and judgment were set aside, and such judgment was assigned for error.

*Parker*, for the plaintiff in error.

*McAllister*, for defendant in error, the Court declined to hear.

The opinion of the Court was delivered, August 14, 1855, by
LEWIS, C. J.—In this case, the parties agreed to refer their controversy to three gentlemen on whose report the prothonotary was authorized to enter a judgment. It was agreed that "if either of the referees aforesaid do not attend at the time and place appointed, another or others are to be chosen." One of the referees having died, the other two met upwards of a year after the date of the submission, and at the request of one of the parties, in the absence of the other, selected a referee in the place of the one deceased, and proceed to make an award against the absent party for the sum of $37,227. Prior to this Mr. Potter, the absent party, had left the state, and removed with his family to Wisconsin; and Mr. Elder, who had been his counsel in the commencement of the proceedings, gave the two surviving referees notice, after the death of the other, that Mr. Potter would take no further notice of their proceedings. The Court of Common Pleas ordered the award and the judgment entered upon it to be set aside.

A submission to arbitration is like a delegation of any other power: *Wilson on Arb.* 57. Neither an agent nor an arbitrator can delegate his power unless expressly authorized by his constituents: *Paley on Agency* 176; *Watson on Arb.* 129. An authority given to two cannot be executed by one, although the other die or refuse; nor if given to three can it be executed by two, although the three be authorized to act jointly and severally: *Paley* 177. A power is terminated by the death either of the party receiving it, or of the party conferring it: 2 *Kent's Com.* 643. In this case the power was conferred upon three. The death of either of them terminated the authority of all. But it is alleged that the survivors had authority, by the terms of the submission, to choose a referee in the place of the one who died. No such power is granted. The clause relied upon is expressed in the language of a contract between parties, and contains no terms appropriate to the grant of a power. In such a grant the person who is to exercise the power should be named, or otherwise clearly indicated. But the instrument contains no indication

[Potter *v.* Sterrett.]

whatever of the intention of the parties to part with their right to select their own referees. In legal intendment it necessarily follows that the power remains where it stood before the agreement. The clause in question was intended to provide for the absence, not for the death of a referee. But even in the case of absence of either of the referees, the agreement that " others are to be chosen," means no more than that the substitutions are to be made by the parties who constituted the originals.

The whole proceedings subsequent to the death of one of the referees were illegal, and the Court committed no error in setting them aside.

Judgment affirmed.