# E. S. Huggins, for the use, etc., *v.* S. T. Neill, Appellant.

*Arbitration—Death of arbitrator before award made.*

Where an arbitrator, chosen under the legal arbitration act of April 6, 1870, P, L. 948, dies after testimony is taken but before an award is rendered, the statute failing to make any provision for filling the vacancy, the death must necessarily operate to revoke the submission and the proper course is to apply to the court for a rescission of the rule.

Argued May 19, 1896. Appeal, No. 27, April T., 1896, by defendant, from order of C. P. Crawford Co., May T., 1879, No. 204, striking off a rule of reference and an amicable submission to a legal arbitrator under the provision of the act of April 6, 1870. Before RICE, P. J., WILLARD, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule to strike off rule of reference. Before HENDERSON, P. J.

The facts are stated by the opinion of the Superior Court as follows:

The defendant entered a rule to have arbitrators chosen under the compulsory arbitration law. The plaintiff, by paper filed, thereupon elected to have a "legal arbitration" under the provisions of the local act of April 6, 1870, P. L. 948. On the day appointed for choosing the arbitrator the parties filed a paper agreeing "that William G. Trunkey shall be a legal arbitrator under the act of assembly." The arbitrator was sworn and took the testimony in the case but died before making an award. Upon application of the plaintiff, the court then struck off the rule of reference, and from this order the defendant appealed.

*Errors assigned* were (1, 2) striking off rule of reference.

*S. T. Neill,* with him *M. J. Heywang,* for appellant.—This agreement for submission was irrevocable : Paist v. Caldwell, 75 Pa. 161; Wynn v. Bellas, 34 Pa. 160; McGheehen v. Duffield, 5 Pa. 497; Williams v. Tracy, 95 Pa. 308.

While by the submission the case is out of court for the pur-

104      HUGGINS *v.* NEILL, Appellant.

Arguments—Opinion of the Court.    [2 Super. Ct.

poses of trial, the court and its officers still control the machinery by which the tribunal is created, which is to carry out the intention of the parties as to the kind of trial. Until there has been a failure to agree it does not lie with the plaintiff to even aver that there is a defect in the machinery for supplying the vacancy. He cannot complain of a failure of this second method provided by the act of 1836 for filling the vacancy until he has tried the first method of an amicable agreement. This is the doctrine contained in Boyle v. Ins. Co., 169 Pa. 349. See opinion of WILLIAMS, J., at bottom of page 357. See also Snodgrass v. Gavit, 28 Pa. 221.

*Julius Byles*, with him *Eugene Mackey*, for appellee.

OPINION BY RICE, P. J., July 16, 1896 (after stating the facts as set out in above statement of facts) :

It is argued, that, as the parties waived the right of trial by jury, and agreed to a " legal arbitration," the law ought to hold them to their agreement. But the question is not whether the submission to arbitration was revocable at the mere will of one of the parties—being, by rule of court, under the statute, of course it was not—but whether it was revoked by operation of law upon the death of the arbitrator. A voluntary submission, coupled with an agreement that the prothonotary may enter judgment on the award, is revoked by the death of the arbitrator if no method is provided in the agreement for filling his place. This is put on the ground that a power is terminated by the death of the person upon whom it is conferred, and that a submission to arbitration is like the delegation of any other power : Potter v. Sterrett, 24 Pa. 411 ; Shreiner v. Cummins, 63 Pa. 374, 378. So far as the present question is concerned, the only difference between such an arbitration and the one under consideration is, that the one is regulated by the agreement of the parties, and the other by the statute. Where, in the former case, the agreement, or, in the latter case, the statute fails to provide a mode for filling a vacancy, the death of the arbitrator, before making an award, must necessarily operate to revoke the submission, and this is a result which the parties must be presumed to have contemplated when they chose the tribunal. The proceedings whereby the " legal arbitrator " was chosen in this

case were in strict conformity to the provision of the act of 1870. The third section of that act provides that the method of choosing, service of notice, length of rules, and fixing times of hearing, shall be the same as under the lay or compulsory arbitration law. Under the compulsory arbitration law the functions of the prothonotary are confined to the first appointment, and are not called into exercise until the parties have failed to agree. When an appointment has been made in any of the modes prescribed by the law, his authority under the rule of reference is at an end. He has not authority to fill vacancies, nor even to call the parties together for that purpose, and the section which authorizes the arbitrators to fill them is, of course, not applicable here. True the parties might fill the vacancy by a new agreement, but there is nothing in the statute which compels them to make a second choice, and there is no person who would succeed to the powers of the chosen arbitrator, as there was in the case cited by the defendant's counsel (R. R. Co. v. McGrann, 33 Pa. 530). There the engineer of the company was the arbitrator virtute officii, here the reference was to a particular person. Nor is there any analogy to an agreement to try a case without a jury, under the act of 1874. There the death or resignation, or the expiration of the term, of the judge, may not terminate the agreement, for the reason that it is, properly, not an agreement to a trial before a particular judge, but by the court, which never dies. There being no provision for filling the vacancy, the arbitration was as fully ended as if it were a lay arbitration under the act of 1836, and the arbitrator or arbitrators had died before making an award. In a somewhat similar contingency it was held that a proper course was to apply to the court for a rescission of the rule: Wilson .v. Cross, 7 W. 495. The court was clearly right in following that suggestion in the present case.

The case is still pending, and no final judgment has been entered. It is, to say the least, extremely doubtful whether an appeal lies from such an order. See Straub v. Smith, 2 S. & R. 382; Kendrick v. Overstreet, 3 S. & R. 356; Erie Bank v. Brawley, 8 W. 530. But it is unnecessary to consider that question as we are clearly of opinion that the learned judge below committed no error in striking off the rule.

Order affirmed.