## Holscher *v.* Ingalls Stone Co., Appellant.

*Contract—Building contract—Certificate of architect.*

If an individual is selected in an executory contract, such as a building contract, to pass upon certain claims, or perform certain acts which determine questions between contracting parties, and the person so selected refuses to act, the parties are remitted to the ordinary rules of evidence and procedure to establish their claims.

Where a contract between a subcontractor and a contractor of a building operation provides that no allowance for delay shall be made to the subcontractor "unless a claim therefor is presented to the architect and the contractor within forty-eight hours after the occurrence of the delay," and the subcontractor submits a claim within the time specified to the architect of the builder who refuses to act, and also submits a claim within the time to the recognized representative of the contractor, he may maintain his claim for delay in an action at law, although he has secured no certificate from the architect.

In such a case where it appears that the delay was due to matters entirely outside of the subcontractor's contract, and were attributable to the contractor or other subcontractors, it is proper to submit the subcontractor's claim to the jury.

*Appeals—Assignments of error—Evidence.*

Where an answer is made by a witness before objection is made

to the question propounded to him, and no motion is made to strike out the testimony of the witness, the answer cannot be made the basis of an assignment of error.

Argued Nov. 17, 1916.    Appeal, No. 236, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1914, No. 7, on verdict for plaintiff in case of Peter Holscher and Joseph J. Holscher trading as Peter Holscher & Son, v. Ingalls Stone Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit by a subcontractor against a contractor to recover the balance alleged to be due on a contract for hauling, setting, cleaning and painting limestone on a building erected at Nineteenth street and South Rittenhouse Square, Philadelphia.    Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $1,456.48.    Defendant appealed.

*Error assigned* was in refusing motion to enter judgment for defendant n. o. v.

*James S. Rogers,* for appellant.—It is a general principle that one who claims advantage from the happening of any occurrence peculiarly within his own knowledge, or as to which he may exercise choice as to whether he will claim or waive, shall notify the other party within a reasonable time under the circumstances, or within the contract time, if there be such a contract provision: Dunshee v. Travellers Ins. Co., 25 Pa. Superior Ct. 559; Wagner Co. v. Cawker, 112 Wis. 532; Davis v. La Crosse Hospital Assn., 99 N. W. 351; Cramp & Co. v. Boyertown Burial Casket Co., 241 Pa. 15.

So far as the main contract applies to the work covered by the plaintiffs' subcontract, they are charged with notice of and bound by the terms of the main contract:

Brown v. Cowan, 110 Pa. 588; Schroeder v. Galland, 134 Pa. 277.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellee.

OPINION BY KEPHART, J., March 9, 1917:

The contract under which the appellees were working provided "should the subcontractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay or fault of the contractor or the architect......then the time herein fixed for the completion of the work shall be extended......but no allowance shall be made unless a claim therefor is presented to the architect and the contractor within forty-eight hours after the occurrence of the delay. The allowance for extension of time and duration of such delays shall be certified by the architect, but appeal from his decision shall be made by arbitration." The importance of this provision in building and construction contracts is manifest. The fact of this present litigation emphasizes the necessity for a stipulation that will prevent stale or unfounded claims from contractors or subcontractors. It is well settled that parties to executory contracts may agree that certain claims or demands should be evidenced in a certain manner, or must be submitted to a certain individual to be approved by him, and unless these conditions are complied with such claims and demands will not be valid against the other contracting party. In the absence of fraud or mistake, such contracts will be enforced. In contracts such as the one before us, notice must be given and the failure to give such notice or to secure such certificate must be deemed as a waiver of the right to demand an allowance for the time delayed: Cramp & Co. v. Boyertown, Etc., Co., 241 Pa. 15. In the present contract no person was named as the "architect" but if there was a person acting as such, he would be the person to act under this clause of the contract.

The appellant urges that the architect, acting under the general building contract between the owner and the appellant, was the person intended. The appellees, in the discharge of their obligation under the contract, notified this architect but he refused to act, asserting that his duties related solely to the general contract, and could not be extended to matters between the contractor and the subcontractor. The appellees also notified the recognized representative of the contractor of the delay cognizable by this clause in the contract. The appellant's argument is based solely on the failure of the appellees to secure a certificate from the architect. The delegation of authority by the clause in question is given to a particular individual. This was the agreement of the parties. The contract did not provide for the substitution of another person when he refused to act; it is much the same as the appointment of a referee by an executory contract, who refused to act. The jurisdiction of the courts over the subject-matter attaches on such refusal: Werneberg v. Pittsburgh, 210 Pa. 267-277-278; Wolf v. Augustine, 181 Pa. 576; Huggins v. Neill, 2 Pa. Superior Ct. 103. If an individual is selected in an executory contract to pass upon certain claims or perform certain acts which determine questions between contracting parties, and the person so selected refuses to act, the parties are remitted to the ordinary rules of evidence and procedure to establish their claims.

The letter from counsel for the appellant to the appellees related to legal advice. It did not constitute him the defendant's representative on the ground to attend to the details of the building contract.

The plaintiffs had a contract with the defendant to haul and set the limestone on two sides of a sixteen story apartment house in Philadelphia. The work was to be completed on September 15, 1913. It was not completed until October 21, 1913. The defendant was penalized by the owner for this delay in completion. As the defendant dealt with more than one subcontractor, the

penalty imposed by the owner on the defendant could not be visited on the plaintiffs unless it appeared that the plaintiffs were solely responsible for all the delay. But though the plaintiffs' contract enabled them to begin about July, 1915, it is in evidence that they were delayed from five to six weeks through causes which, as found by the jury, the defendant was responsible for. The foundation for the plaintiffs' work was not ready for two weeks. The stone was not shipped promptly, nor was it loaded on the cars as required by the contract. The frames for the windows were not delivered in time. The brick work was delayed and many of the stones used in the building were cut too large. All of these difficulties were matters entirely outside of the plaintiffs' contract, and these delays were attributable to the defendant or the subcontractors acting through it. We are satisfied that the court below was correct in submitting to the jury the question of the delay occasioned by the manner in which the stone was placed on the cars.

The contract provided that the cars were to be shipped in rotation as required by the setter at the building, and shipments were to be so arranged that one car would be for the north elevation and another for the west elevation. The appellees were to unload, haul and set these stones. There is no evidence of unreasonable or unusual delay in unloading the stone, having in mind this portion of the contract. The parties intended that the stone should go direct from the cars to the building for use, and as the appellant was not liable for the delay due to the railroad company's "bunching" the cars, so the appellees would not be liable for the demurrage incurred if it required a longer time to unload them by reason of this manner of delivery. They were to be reasonably diligent in unloading and hauling the stone to the building, consistent with the work engaged in. Even if the cars were properly loaded and shipped in rotation, no new duty was imposed on the appellees if the cars arrived in bunches. The appellees were not required to

unload and store the stone to save demurrage.  The appellees' complaint as to delay is in the manner in which the stone was loaded, not as to the manner of its delivery.

The second assignment of error is not within the rules of this court.  The testimony of Mr. Quick did not prejudicially affect the appellant's case.  As no motion was made to strike this testimony out, and as the answer was made before objection was made, this assignment is not in form.  But considering this testimony, we do not feel that the appellant was prejudiced thereby.

The assignments of error are overruled and the judgment is affirmed.