## THE BOROUGH OF WASHINGTON

### v.

## THE WASHINGTON WATER COMPANY.

[Decided November 22d, 1905.]

1. A water company, which is the sole source of water-supply for a borough, is a *quasi*-public corporation bound to supply water to the borough at a reasonable price, to be fixed by a competent tribunal in case no agreement between the parties can be reached.

2. If the company threatens to cut off the supply unless the borough pays a sum for past service which the borough claims to be unreasonable, a court of equity, in a suit to restrain the cutting off of the supply and to fix a reasonable 'charge, may at the final hearing determine whether the price demanded is unreasonable, and if so, may enjoin the cutting off of the supply for its non-payment.

3. If on application for preliminary injunction a fair case for the trial of the question of unreasonableness is shown, the court may, on proper terms, enjoin the cutting off of the supply pending the hearing.

On application for preliminary injunction. Heard on bill and affidavits and answer and affidavits.

*Mr. Oscar Jeffery,* for the complainant.

*Mr. William A. Stryker* and *Mr. William H. Morrow,* for the defendant.

EMERY, V. C.

Defendant has for over twenty years furnished a water-supply to complainant for fire hydrants and other public purposes under ten-year contracts. Under the first contract the annual sum paid was $1,000 a year, and under the second (expiring July 1st, 1903), $800 a year. On the expiration of this contract, and during the last two years, the parties had negotiations for the continuance of the supply for another term of years, but

have failed to agree on the sum to be paid. In the meantime the service has been continued as heretofore, but without any payment, and on August 17th, 1905, the water company notified the borough that from July 1st, 1903, to July 1st, 1905, the water had been supplied under the original contract for $800 a year; that the borough was now indebted to the company for $1,600, which it had refused to pay, and that unless this indebtedness of $1,600 was paid by August 25th, 1905, the public water-supply would be cut off. The supply includes street hydrants, the only source of supply for extinguishing fires. The borough thereupon filed this bill for an injunction against cutting off this supply, claiming that the price demanded was unreasonable, and praying, also, that this court fix the reasonable price to be paid. Defendant, on the other hand, insists that the price demanded is reasonable, and by its answer denies jurisdiction of this court for any purpose.

Complainant is entitled to a preliminary injunction restraining this cutting off of its water-supply pending the final hearing, for the following reasons:

The defendant, in respect to the rights and duties now involved, is a *quasi*-public company, and is bound to make a reasonable price for the water-supply to the borough. And the borough, on the other hand, is bound to pay a reasonable sum. *Public Service Corporation* v. *American Lighting Co., 67 N. J. Eq. 122 (Vice-Chancellor Pitney, 1904).* The public duty of the officials controlling each of the parties is to agree on a reasonable price for this public service, but if they fail to agree on any price the reasonable price must be fixed by a competent tribunal.

The claim for water heretofore supplied is altogether legal in its nature, and an action brought solely for the purpose of recovering a reasonable sum for past services, or of determining what is such reasonable sum, is not within the equity jurisdiction. But such jurisdiction exists to maintain the *status quo* and require the continuance of the supply pending the settlement of the question of reasonable price for past supply. If the water company demands an unreasonable price and threatens to cut off the public supply unless this unreasonable price is

paid, the municipality has the right to enjoin the company from cutting off the supply because of failure to pay such sum. Ordinarily, the scope of the decree in such equity suit would be the determination of whether the price demanded was unreasonable, and if so found then to enjoin the cutting off of the supply for its non-payment. The equitable jurisdiction in such suit would not extend to fixing either the reasonable sum to be paid for the past supply or for the future. Such being the scope of the final decree, the complainant, if it can show on application for preliminary injunction a fair case for trial on final hearing of the unreasonableness of the price demanded, is, under proper conditions, entitled to a continuance of the supply pending hearing. In the present case the water company demanded $1,600, the price of two years' service under the last contract with the borough, which expired over two years before the suit. The affidavits show a case where the complainant is entitled to have the question as to the unreasonableness of this sum tried, and they further show that the decision of this question cannot be satisfactorily made on *ex parte* affidavits, but only upon full hearing and proofs. On proper conditions, complainant is therefore entitled to the preliminary injunction. The conditions to be imposed depend on the scope of the issues to be finally tried in the suit and the situation disclosed by the affidavits presented. As to water service or supply pending the suit, they should include payment into court (or securing payment) of at least a fair proportion of the amount previously paid; this amount, if taken out or recovered by the defendant, to be applied and credited as payment on account by defendant for water supplied pending suit, without prejudice to either party. Three-fourths of the sum paid under the last contract should be thus paid or secured. As to water service or supply pending suit, the further condition should be imposed that the complainant should stipulate to pay (or secure) such further sum as the court may by final decree, and as a condition or otherwise, direct to be paid for such service or supply pending suit. Complainant's bill, in terms, offers only to pay a price fixed by a standard referred to, viz., the rate charged to private consumers for water actually supplied. Defendant on its answer and affidavits

fairly contests the reasonableness of this standard as applied to public water service, and as it may establish its case on this point at final hearing it has a right to be secured by this further condition for its supply pending suit. The conditions in the present case should not require payment for any portion of the supply previous to filing the bill, for three reasons—*first,* under the present pleadings, this question of the amount to be paid as a reasonable price for the water supplied, or ready to be supplied, previous to the suit, cannot be tried in this court unless defendant consents. It has clearly the right to bring its action at law for past services or supply and cannot be restrained from so doing, and has in its answer objected to the jurisdiction of the court for any purpose. The objection is clearly valid as to the past supply. *Second,* so far as relates to past-due bills, the company could at any time after the expiration of the contract have sued for the value of its supply, and its omission for two years to sue and test the question of reasonable price in this way must, in the absence of any facts showing the defendant's financial irresponsibility, disentitle defendant to having payment of any portion now enforced by way of condition to supplying water pending the suit. As to the supply pending suit, the equity to payment rests on the fact that this court virtually orders this supply, and in equity it is therefore bound, also, to assure the payment for this service, by the exercise of its powers, *i. e.,* by making the supply pending suit conditional on payment. In the *third* place, to make such condition would require the borough to pay at once a considerable sum of money, and it does not appear that the money is in hand, or that the statutes regulating the borough would authorize the payment. Payment of the rate now fixed for the pending supply can be provided for by taxation, along with other annual burdens. Unless some money for the purpose of the past water-supply has been already raised by taxation and is in hand, the amount finally recovered by decree or judgment must probably be met as such obligation.

The order for payment of the past-due bills in the *Long Branch Case, ante p. 71,* referred to by counsel, was, as I find, made by consent, and the money was in hand ready for payment. In that case, also, the pleadings were by consent so framed that the court

17

of equity undertook the settlement of what was a reasonable price to be paid both for the past and future supply. Vice-Chancellor Pitney, in this case, in his opinion, not yet filed, but which I have seen, proceeds upon the views of the power of the court of equity which I have indicated.

The terms of the order will be settled on notice, unless agreed on.