Bothwell *v.* The San Juan Light & Transit Co.

Apelación procedente de la Corte de Distrito de San Juan.

No. 123.—Resuelto en junio 29, 1907.

Mandamus—Su Objeto.—La expedición de un auto de *mandamus* debe tener por objeto el cumplimiento de algún acto que la parte demandada esté en el deber de ejecutar por razón de un empleo, cargo ó función pública.

Id.—Corporaciones de Servicio Público—Reglas para el Suministro de Corriente Eléctrica.—Una corporación de servicio público, dedicada al suministro de corriente eléctrica para luz y fines industriales, tiene facultades para imponer como condición para el consumo de corriente, la interrupción del suministro de la misma en el caso de que no se le pague oportunamente la cuota mensual, y puede exigir á los abonados, la constitución de un depósito previo para garantir el pago de la corriente eléctrica que consuman mensualmente.

Id.—Casos en que la Compañía Abuse de sus Facultades.—Si la compañía abusare de las facultades á que se refiere el párrafo anterior, la parte agraviada puede acudir á la corte competente y obtener la reparación de su derecho mediante un auto de *mandamus,* y si la corte, en vista de las pruebas practicadas, estimare que ha habido tal abuso, reintegrará en su derecho á la parte agraviada, pero si no se demuestra que la compañía esté en el deber de suministrar corriente al demandante, procede denegar el auto.

Id.—Consignación.—En el caso de autos, el demandante se negó á satisfacer á la compañía el importe de un recibo por corriente eléctrica consumida en la casa de aquél, por estimarlo excesivo, y la compañía suspendió el suministro de la misma. Se alegó en la petición que el aparato para marcar la corriente funcionaba mal y que el demandante estaba dispuesto á pagar lo que realmente adeudara por corriente consumida, habiendo consignado ante la autoridad judicial el importe de otro recibo pendiente de pago, sobre el que no había discusión, solicitando se obligara á la compañía á restablecer el sumi-

nistro de corriente. *Se resolvió:* Que no habiéndose demostrado que el con-
tador funcionara mal, ni justificado que el demandante no debiera la suma
cobrada por la compañía, y no habiendo base para estimar la fecha en que
se hiciera la consignación, ni si ésta era ó no eficaz, procedía denegar el auto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonsanti.*

Abogado del apelado: *Sr. Hord.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la sección 1ª. de la Corte de Distrito Judicial de San Juan presentó Don Samuel C. Bothwell, en veinte y cinco de enero del corriente año, petición jurada, interesando se expidiera un auto de *mandamus* perentorio contra *The San Juan Light & Transit Co.,* para que procediera inmediatamente á restablecer la conexión de los alambres que suministraban luz eléctrica á la casa donde vive, en la calle Cerra, en Santurce, y á cambiar por otro que funcione debidamente el contador ó aparato que dicha compañía tiene instalado en dicha casa para registrar la corriente eléctrica consumida mensualmente, condenándose, además, en costas á la corporación de mandada.

La expedición del auto de *mandamus* perentorio fué denegada por resolución del propio día 25 de enero citado, y esa resolución fué revocada en grado de apelación por esta Corte Suprema, con fecha cuatro de febrero siguiente, en razón á que si bien los hechos alegados por el peticionario no demostraban la procedencia del expresado auto, eran bastantes para que la corte inferior expediera un auto condicional de *mandamus,* como así lo hizo el juez de la Sección 1ª. de la corte de San Juan, ordenando al demandado llevar á efecto inmediatamente lo solicitado por el demandante, ó en otro caso, compareciera á mostrar causa por la cual no debiera expedirse el auto definitivo, señalando al efecto para la comparecencia el día 8 de febrero citado.

Llegado ese día, el peticionario, Don Samuel C. Bothwell, enmendó la solicitud de auto de *mandamus,* sin variar los

términos de la súplica anteriormente formulada, siendo los
hechos consignados en la demanda enmendada los siguientes:

"1º. Que el demandante es ciudadano de los Estados Unidos, con
residencia en Puerto Rico, y la parte demandada es una corporación
debidamente incorporada, con arreglo á las leyes del Estado de New
York, que se dedica entre otros negocios á suministrar corriente eléc-
trica para fines del alumbrado á los vecinos de San Juan y del barrio
de Santurce.

"2º. Que la Sociedad demandada verifica el suministro de luz eléc-
trica por medio de alambres conectados desde su planta eléctrica á
las diferentes casas, teniendo informes el peticionario de que la capaci-
dad de la compañía para suministrar luz no está agotada.

"3º. Que durante el mes de diciembre de 1906, y por espacio de
mucho tiempo antes de esa fecha, el demandante era abonado de la
corporación demandada, la que le suministraba luz, según era su obli-
gación para con él y el público en general, pagando el demandante
mensualmente el importe de los recibos que le pasaba por consumo de
luz, según contador, y que los alambres, lámparas y demás enseres
propios para suministrar luz, que se encuentran instalados en la casa,
excepto el contador, son del dueño de la misma, quien se los arrendó
con la casa.

"4º. Que hasta el día 1º. de diciembre último dicho contador apa-
rentemente funcionaba bien, descomponiéndose después de tal manera
que marcaba mucha más luz de la consumida en realidad; por lo que
solicitó de la compañía que lo cambiara, y ésta lo desmontó, pero en
vez de colocar uno nuevo ó diferente, colocó el mismo, que aun se
encuentra en mal estado.

"5º. Que habiendo marcado el contador en el mes de diciembre
citado, más corriente de la que realmente se había consumido, el de-
mandante se negó á satisfacer el recibo de ese mes, y el día 23 de
enero siguiente, la corporación demandada, faltando á su obligación
y promesa, cortó la corriente que comunicaba con la casa del deman-
dante; alegando éste, además, que las cuentas por consumo de luz,
durante los meses de noviembre y diciembre de 1906, le fueron co-
bradas con presentación del mismo recibo, y deseando pagar la del
mes de noviembre ofreció su importe á la compañía, la que se negó á
aceptarlo, por lo que acudió el demandante á la corte municipal de
San Juan é hizo la consignación del importe de la referida cuenta
del mes de noviembre ante dicha corte; todo lo cual se verificó con
anterioridad á la presentación de la solicitud de *mandamus.*

"6º. Que el demandante está dispuesto, y siempre lo ha estado, á satisfacer á la parte demandada lo que pudiera adeudarle por luz realmente consumida durante el expresado mes de diciembre, pero nó lo que ésta pretende arbitrariamente cobrarle.

"7º. Que ha sufrido perjuicios por la acción de la compañía demandada al cortar la corriente y dejarlo sin luz, y que el único recurso adecuado que le asiste es el de *mandamus,* pues habiendo solicitado de la compañía la conexión de alambres y cambio de contador, con el fin de obtener luz y un buen registro del consumo de la misma, dicha compañía, por medio de su empleado Mr. Freese, rehusó acceder á su pretensión.

"8º. Que el peticionario se ve obligado á recurrir al procedimiento de *mandamus,* porque carece de otro recurso ordinario que sea rápido, adecuado y eficaz."

A la demanda de auto de *mandamus* opuso *The San Juan Light & Transit Co.,* excepciones previas, consistentes en que de los hechos relatados en dicha demanda no se deduce que la corte de San Juan tenga competencia para conocer del pleito, y en que la demanda es ambigüa é ininteligible, por no especificar con claridad ni de modo alguno los daños que ha sufrido el demandante.

Al mismo tiempo, la compañía demandada contestó la demanda haciendo las siguientes alegaciones:

"1ª. Que acepta como ciertos los hechos relatados en los párrafos 1º. y 2º. de la demanda.

"2ª. Que también acepta como ciertos los hechos del párrafo 3º. con excepción de que la compañía tenga y haya tenido jamás la obligación de suministrar luz á los abonados que dejasen de pagar con regularidad sus cuentas mensuales, como sucede respecto del demandante, quien no ha pagado con regularidad, pues debe las cantidades de noviembre y diciembre de 1906 y enero de 1907, y las debía cuando se cortaron los alambres.

"3ª. Que no es cierto que el contador instalado en la casa del demandante funcionara mal en tiempo alguno, pues por el contrario siempre ha funcionado bien y ha registrado solamente la corriente eléctrica consumida en dicha casa; como tampoco es cierto que el demandante haya solicitado de la parte demandada que le cambiara dicho contador, aunque es verdad que habiendo el demandante re-

husado pagar sus cuentas de diciembre, por supuesto mal estado del contador, la compañía mandó inspeccionarlo y lo encontró en buena condición, sin que haya prometido instalar otro nuevo.

"4ª. Que el demandante no ha satisfecho las mensualidades que debe á la parte demandada, pues hasta la fecha no ha pagado y debe las mensualidades de noviembre y diciembre de 1906 y la de enero de 1907, que arrojan la cantidad de trece dollars noventa y tres centavos.

"5ª. Que la compañía cortó los alambres y rehusa suministrar corriente eléctrica al demandante, por la razón de que éste no paga el precio de tarifa que por dicha corriente cobra aquélla á sus abonados.

"6ª. Que el demandante no ha estado dispuesto á satisfacer las mensualidades que adeuda, sino que por el contrario ha rehusado muchas veces pagarlas, y solo ofreció pagar la de noviembre con la condición de que la compañía volviera á conectar los alambres, pero sin ofrecer pagar al mismo tiempo las cantidades que debía y debe por los meses de diciembre de 1906 y enero de 1907.

"7ª. Que si el demandante ha sufrido perjuicios por falta de corriente eléctrica, debe culparse así mismo, por no haber pagado lo que adeuda á la compañía, y no á ésta, que no tiene obligación de suministrar corriente á las personas que no satisfacen las cuotas fijadas en tarifa."

La corte de San Juan, después de discutidas las excepciones previas propuestas, las declaró sin lugar, y procedió á la celebración de la vista, dictando resolución final en 13 de febrero último, por la que denegó la expedición del auto de *mandamus* perentorio solicitado, con las costas al demandante, contra cuya resolución interpuso éste recurso de apelación, que hoy pende de decisión ante esta Corte Suprema, después de vistas y oídas las alegaciones escritas y orales de ambas partes.

Examinada la Ley de 12 de marzo de 1903 estableciendo el auto de *mandamus*, aparece claramente que éste debe tener por objeto el cumplimiento de algún acto que la parte demandada esté en el deber de ejecutar por razón de un empleo, cargo ó función pública.

*The San Juan Light & Transit Co.* admite como cierto el deber de suministrar luz eléctrica á sus abonados, pero no

reconoce ese deber como absoluto, sino afectado por la condición de que sus abonados paguen con regularidad sus cuentas mensuales, y ·efectivamente, esa condición se establece por dicha compañía en la regla 1ª. de su Reglamento, consignándose, además, en la cuenta, que mensualmente pasa á cada uno de sus adonados, la nota de que si dicha cuenta no es pagada para el día 15 del mes, el servicio será suspendido.

A esa regla dió cumplimiento la compañía demandada por no haber satisfecho el demandante las cuentas correspondientes á los meses de noviembre y diciembre del año próximo pasado, que montaban ocho dollars con treinta y seis centavos, alegando como razón que la de diciembre era excesiva por haber marcado el contador más corriente que la que realmente había consumido.

No ha probado el demandante, según afirma, que el contador establecido en su casa vivienda por la compañía funcionara mal, y debido á esa circunstancia marcara en el mes de diciembre más corriente de luz que la que realmente había consumido, pues no suministró prueba alguna sobre el mal estado del contador, mientras que los testigos de la compañía demandada Joaquín Cañizal, empleado que fué de dicha compañía y Mackenzie, ingeniero electricista de la misma, declaran que en 13 de noviembre de 1906 y en 17 de enero de 1907, respectivamente, examinaron el contador y lo encontraron en. buenas condiciones.

Ciertamente que la corriente eléctrica consumida en la casa vivienda del demandante Bothwell durante el mes de noviembre representaba la suma de dos dollars ochenta y siete centavos, y cinco dollars con ocho centavos la consumida en diciembre, cuyas partidas, en unión de veinte centavos, cargados mensualmente por razón del uso del contador, arrojan la cantidad de ocho dollars treinta y cinco centavos, montante de la cuenta cobrada á Bothwell por los meses de noviembre y diciembre, y también es cierto que Bothwell y su cocinera, Juana Maldonado, están contestes en afirmar que en la casa del primero hubo siempre las mismas lámparas, las que esta-

ban encendidas durante el año el mismo espacio de tiempo, próximamente; pero esas declaraciones, en cuanto al segundo extremo, aparecen desvirtuadas por el documento llamado bitácora, que figura como parte de la prueba de la parte demandada, cuyo documento, que muestra la corriente eléctrica consumida durante el año de 1906 en la casa del demandante, en cuanto á las cantidades que éste debía pagar, dice así:

Jan. 4. 28; Apr. 3. 68; July 2. 84; Oct. 3, 26.
Feb. 4. 12; May 3. 53; Aug. 2. 61; Nov. 2, 87.
Mar. 3. 35; June 3. 36; Sep. 3. 33; Dec. 5. 8.

Obsérvase que, si bien en los meses de marzo, abril, mayo, junio, septiembre y octubre debió pagar Bothwell la misma cantidad de tres dollars con algunos centavos más, y en los meses de julio, agosto y noviembre dos dollars con algunos centavos más, en los meses de enero y febrero debió pagar, respectivamente, la suma de cuatro dollars veinte y ocho centavos y cuatro dollars doce centavos, habiendo sólo una diferencia de ochenta centavos entre la primera de dichas partidas y la de cinco dollars ocho centavos que la compañía cobraba á Bothwell por luz consumida durante el mes de diciembre último, sin que conste en autos que Bothwell hiciera reclamación alguna contra las partidas que se le cobraron en enero y febrero, no obstante, ser superiores en más de un dollar á la de los meses de julio, agosto y noviembre.

En visto del resultado que ofrece el documento expresado, parécenos muy posible que el mayor consumo de luz eléctrica en el mes de diciembre fuera debido á la circunstancia de ser en ese mes los días más cortos y las noches más largas, como sucede también en los meses de enero y febrero, en que la llamada bitácora reza mayor consumo de luz eléctrica por Bothwell que el ordinario.

Aún más; en el supuesto de que la suma de cinco dollars ocho centavos que por consumo de luz eléctrica en el mes de diciembre último fuera excesiva, y por tanto, no debida por razones que no constan de autos, no vemos la razón por qué

Bothwell no pagara la suma de tres dollars siete centavos correspondiente al mes de noviembre por consumo de luz eléctrica en ese mes y uso del contador, cuando recibió la carta de 22 de enero en que se le conminaba con privarle de la corriente eléctrica, si al día siguiente, 23 de enero, al mediodía, no había pagado los ocho dollars treinta y cinco centavos que adeudaba por los meses de noviembre y diciembre.

En autos aparece una certificación expedida con fecha 30 de enero por el secretario de la corte municipal de San Juan, justificativa de que Bothwell consignó en dicha corte la suma de tres dollars siete centavos, á disposición de *The San Juan Light & Transit Co.,* por luz consumida por el mismo durante el mes de noviembre último, habiéndose notificado á dicha compañía; pero aunque admitamos que la consignación fué hecha antes de que se solicitara el auto de *mandamus* en veinte y cinco de enero, nunca sería admisible que tuvo lugar antes del día 23 de enero en que fué cortada la corriente eléctrica que comunicaba con la casa del demandante, pues éste sólo alega que la consignación se hizo con anterioridad á la presentación de la petición de *mandamus* y no con anterioridad al hecho de habérsele cortado la corriente eléctrica, aparte de que dicha certificación es defectuosa y poco expresiva para que este tribunal pueda apreciar la fecha precisa en que se hizo la consignación y con qué formalidades para determinar su verdadero alcance legal. Esa prueba incumbía al demandante, dada la negativa del demandado de que se le hubiera pagado la cuenta del mes de noviembre.

Conviene que traigamos á discusión la legalidad de la condición impuesta por la compañía á sus abonados de que si la cuenta mensual no es pagada inmediatamente, según expresa la regla 1ª. de su Reglamento, ó á los quince días, según dice la nota puesta en cada recibo, será cortada la corriente eléctrica ó el servicio suspendido.

Nosotros creemos que dicha regla es legal y puede, por lo tanto, llevarse á debido cumplimiento. (Véase el artículo 1222 del Código Civil; el caso de *Sam Mackin* v. *Portland Gas*

(Ore., 49 L. R. A. p. 596), los casos citados en la opinión de la corte, página 598; y especialmente el caso *Jacoma Hotel Co.* v. *Jacoma Light & Water Co.*, 14 L. R. A. p. 669, y las notas de la misma página.)

Bien ha podido la expresada compañía exigir la constitución de un depósito previo para garantir el pago de la corriente eléctrica consumida mensualmente por sus abonados, y también ha podido, con el mismo fin, establecer como condición para el consumo de la luz eléctrica la interrupción de la corriente para el caso de que no se le pague oportunamente la cuota mensual. Esa regla garantiza los intereses de la compañía y no perjudica los del público, que está en el deber de pagar en el tiempo convenido y aceptado las cuentas de la compañía.

Si la compañía abusare en el ejercicio de la facultad que le reconoce la regla primera de su Reglamento, la parte agraviada puede acudir al tribunal competente para obtener la reparación de su derecho, mediante el recurso del auto de *mandamus,* y si el tribunal estimare, en vista de las pruebas, que ha habido aquel abuso, reintegrará en su derecho á la parte agraviada; pero si como sucede en el caso de autos, no se demuestra que la compañía esté en el deber de suministrar corriente eléctrica al demandante, procede denegar el recurso de *mandamus* ejercitado. (Véase el caso de *Sam Mackin* v. *Portland Gas* antes citado, á la página 599.)

Este recurso ha sido interpuesto, no solamente para que la compañía inmediatamente conecte los alambres que suministran la corriente de luz eléctrica, á su casa, sino para que inmediatamente cambie el contador por otro que funcione debidamente.

En cuanto al primer extremo, la pretensión, según se deja expuesto, es de desestimarse; y respecto del segundo, como no se ha demostrado que el contador se encuentre en mal estado, no hay motivo para que se cambie por otro que funcione debidamente.

Por las razones expuestas, procede se confirme la resolución apelada, con las costas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras y Wolf, disintiendo el Sr. MacLeary.

VOTO PARTICULAR DEL JUEZ, SEÑOR MACLEARY.

No puedo estar de acuerdo con el fallo dictado por la mayoría del tribunal, en el presente caso.

Según los principios enunciados en el caso de *The State of Nebraska* v. *The Nebraska Telephone Co.*, que ha sido publicado en 52 American Reports, y empieza en la página 404, y en otros autoridades americanas fácilmente accesibles, ha debido concederse el auto de *mandamus* que se solicita en el presente caso. En mi opinión el negarlo es un error. Ha debido revocarse la sentencia de la corte inferior, y dictarse en este tribunal un fallo á favor del demandante y apelante.