7855

BENSON v. PARIS MOUNTAIN WATER CO.

1. WATER CONTRACTS.—THE PARIS MOUNTAIN WATER COMPANY cannot under its contract to furnish water at one place require payment of water rent due for water furnished at another time and place, as a condition precedent to furnishing water under the contract.

2. MANDAMUS.—Findings by the Circuit Court in mandamus proceeding is conclusive on appeal if there is any evidence to support them.

Before WATTS, J., Greenville, June, 1910. Affirmed.

Proceeding for mandamus by W. T. Benson against Paris Mountain Water Company. Defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Can appellant collect arrearages for water before turning it on, after cutting off:* 14 Ency. 931; 111 Mich. 401; 45 Barb. 136; 30 Ency. 418; 31 So. 32; 165 N. Y. 27; 44 Pac. 968; 14 L. R. A. 672.

*Mr. J. J. McSwain,* contra, cites: *Appellant cannot arbitrarily refuse to furnish water to a citizen:* 81 S. C. 438; 61 S. C. 83.

April 8, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The petition in this proceeding for mandamus alleged that the Paris Mountain Water Company, a corporation having the exclusive right to supply water in the city of Greenville, contracted with the petitioner to furnish water at his residence, Number 313 North Laurens street, and also at a stable conducted by petitioner on the same street; and on April 1, 1910, the water company rendered a bill according to the contract which the petitioner failed to pay because of his absence from the city, and the respondent on May 20, 1910, cut off petitioner's water supply; that on the next day the petitioner tendered the sum of four dollars and five cents, the amount due, and demanded that the water be turned on for his use, but that the water company refused to comply with the demand. The relief asked is an order requiring the water company to furnish water to the petitioner as a resident of the city of Greenville, entitled to such service on compliance with the reasonable demands of the water company. In response to an order requiring cause to be shown why the writ of mandamus should not issue, a return was filed, in which, without denial of the material allegations of the

petition, the water company set up in justification of its action in refusing to restore the water service to the petitioner, a debt for water furnished some time before at a different place amounting to $88, which alleged debt had been compromised with the petitioner on a promise by him to pay $15; and alleged that this settlement of the old claim was a part of the consideration of the new contract to furnish water to petitioner, made on December 1st, 1909. On this point the return was traversed by an affidavit from Thomas L. Benson, a son of the petitioner, who averred that he made the affidavit because of his father's absence, that he was familiar with the matter and that the petitioner did not agree to pay $15, as alleged by the water company, but did offer to pay $3 for the water which had been furnished prior to the date of the new contract, and that that sum was the reasonable value of the water so furnished. The only provision of the written contract of December 1, 1909, material to the decision of the appeal is the following: "Should the water rent or any bill for meter repairs or for material furnished or work done, remain unpaid fifteen days from date of bill, the water company reserves the right to shut off the water without further notice, and remove the meter, but no such cutting off shall deprive the water company of the right before the water is again turned on to demand and require payment of all water rents or other charges herein agreed to be paid to the expiration of the contract. * * * In cases where the water has been turned off for nonpayment of water rent or for any other cause the water company reserves the right not to turn on the water until all water rent or other charges have been paid."

There was no application for a reference to ascertain the facts, and no testimony was introduced except the portion of the written contract of December 1, 1909, regarded material. On the petition, return and affidavit, and the written contract, the Circuit Judge held that the petitioner was entitled to the relief prayed for.

23—88

The rule to be followed in this State is thus clearly stated by the Chief Justice in *Poole* v. *Paris Mountain Water Co.*, 81 S. C. 438, 62 S. E. 874: "While a public service water company has the right to cut off a consumer's water supply for nonpayment of recent and just bills for water rents, and may refuse to engage to furnish further supply until said bills are paid, the right cannot be exercised so as to coerce the consumer into paying a bill which is unjust or which the consumer in good faith and with show of reason disputes, by denying him such a prime necessity of life as water, when he offers to comply with the reasonable rules of the company as to such supply for the current term."

We agree with the Circuit Judge that the water company cannot be allowed to refuse to furnish water under the contract of December 1, 1909, even if there was a debt due for water supplied at a previous time and a different place. Section 2 of the contract provides that the company may require as a condition of turning on water after it has been cut off for nonpayment of rent, "payment of all water rents or other charges herein agreed to be paid to the expiration of the contract." The "water rents and other charges" referred to in section 13 of the contract are the same as those expressly mentioned in section 2 as rents and charges "herein agreed to be paid." The respondent cannot be allowed to add to these stipulations by parol evidence a further stipulation that the petitioner, as a condition of having his water service restored, should pay a debt not mentioned in the contract.

Aside from that, the defense set up falls to the ground on the Circuit Court's finding of fact, that the respondent had failed to prove that there was an agreement by the petitioner to pay $15 for the alleged arrears of water charges as a part of the consideration of the contract of December 1, 1909. This finding of fact, having support in the record before the Court, was conclusive. *State* v. *Scarborough*, 56 S. C., 48, 33 S. E. 779. *Maxwell*

v. *Bodie,* 56 S. C. 402, 34 S. E. 692. If there was no such agreement, but a *bona fide* dispute as to the amount due, then, under the case of *Poole* v. *Paris Mountain W. Co.,* *supra,* the water company had no right to require payment of the disputed amount as a condition of restoring its service.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.