## CITY OF ATLANTA *v.* McJENKIN.

1. As a general rule, those furnishing the public with its water supply may adopt, as a reasonable regulation in the conduct of this business, a rule providing that the water so furnished shall be cut off for non-

Recoupment, Set-Off and Counterclaim, 34 Cyc. p. 704, n. 69.
Waters, 40 Cyc. p. 804, n. 99; p. 805, n. 5.

payment therefor, and in pursuance of such regulation the water supply may be disconnected on the failure of the consumer to pay the water rents. However, "There is one exception to this general rule which authorizes the city to shut off the water supply for failure of the consumer to pay such charges; and that exception is, that the water supply shall not be shut off in case the consumer disputes in good faith either the amount due or his liability therefor."

2. Although (except under certain special circumstances) damages arising from tort can not be set off against an action ex contractu, nevertheless, where no recovery of damages is sought or intended, facts and circumstances may be shown which would relieve the debtor from liability under the contract, and such evidence should not be excluded in considering the question of liability under the contract merely because such evidence might in another action entitle the debtor to a recovery of damages.

3. The evidence adduced upon the hearing was sufficient to authorize the trial judge to find that the consumer in good faith disputed the amount claimed to be due as water rents; and he properly restrained the cutting off of petitioner's water supply until an adjudication can be had upon the merits of the controversy.

No. 5238. NOVEMBER 13, 1926.

Injunction. Before Judge Bell. Fulton superior court. November 25, 1925.

*J. L. Mayson* and *C. S. Winn,* for plaintiff in error.

*Anderson, Rountree & Crenshaw,* contra.

RUSSELL, C. J. McJenkin was supplied with water by the Atlanta Waterworks. He failed to pay his water bill, and was threatened that the water would be cut off from his premises. McJenkin filed a petition for injunction to restrain the City of Atlanta from cutting off his water until the issue as to whether the bill was correct could be determined. After hearing evidence the trial judge granted an interlocutory restraining order, and exception is taken to this judgment. It is insisted in the brief of the learned counsel for plaintiff in error that the plaintiff's petition is an effort to set off damages alleged to have accrued from the city's breach of duty in maintaining its sewers and drains against the indebtedness of the petitioner arising ex contractu for water furnished by the city; and it is further contended that the failure to properly discharge a governmental function with which the municipality is charged imposes no liability upon the municipality as such. It is well settled, of course, as a general rule, that damages arising from tort can not be pleaded in set off to indebtedness arising ex contractu; but a careful consideration of the petition in this case discloses the fact that no damages are

asked, and that the statements in reference to damage are merely part of the history of the case, in explanation of the plaintiff's contention that the city itself broke the water-pipe in question whereby the plaintiff had not received the amount of water with which he was charged by the city water works. The plaintiff's petition seems to have been based upon the ruling in *Dodd* v. *Atlanta,* 154 *Ga.* 33 (113 S. E. 166, 28 A. L. R. 465), and the judgment of the learned trial judge seems to be in accord with the rulings in that case. Stated in brief and plain language, the trial judge was authorized to construe the plaintiff's petition as one to prevent having his water supply cut off for non-payment of water rent, where there was a bona fide claim that the amount of the demand was incorrect and that the contention as to the incorrectness of the amount was made in good faith. As illustrative of the good faith of the petitioner, he alleges that the water had been wasted by the negligence of the city instead of used by himself, that his monthly water bill should have been about $4, as it had previously been for a long period of time, instead of $131 for the month which was in dispute. As evidence of good faith, as well as of non-liability for the full amount of the bill, the plaintiff alleges that the pipe was not broken either by himself or any trespasser, but by the city itself.

Regardless of the manner in which the city broke the pipe, or no matter how the city may have wasted the water, we think the customer could in good faith decline to pay for water that he did not use, if he was prevented from receiving the water by reason of the fact that the city broke his pipe. If the plaintiff himself had broken the pipe, he could not complain that his water was wasted if he himself was the cause of the waste. So in the present case, regardless of any question of damages or a recovery of damages, we think it is competent for the plaintiff to show, if he can, that his bill for water is too large because the City of Atlanta itself prevented him from getting the quantity of water shown by the meter. As shown by the evidence introduced before the trial court, there was evidently a great waste of water. The one responsible for the waste of the water was not the plaintiff or some third and unknown person, but was the City of Atlanta itself. The allegations of the plaintiff's petition, properly construed by the trial court, are averments that the plaintiff did not

receive $131 worth of water. The statement that the city broke his pipe is merely made in explanation and corroboration of the main statement, to the effect that the city should not be permitted to cut off the water, because the petitioner in good faith contends that the amount claimed for water rent is too large. In *Dodd* v. *Atlanta,* supra, it was held: "By its charter the City of Atlanta can shut off the water from any building or place for non-payment of water bills by a customer; and will not be compelled to again supply said building or place with water until all arrears, with interest thereon, shall be paid." But it was also held that "There is one exception to this general rule which authorizes the city to shut off the water supply for failure of the consumer to pay such charges; and that exception is, that the water supply shall not be shut off in case the consumer disputes, in good faith, either the amount due or his liability therefor." It was further held in the *Dodd* case that when the City of Atlanta notified the plaintiff of its intention to cut off the water, injunction was the proper remedy to prevent such action, where the plaintiff denied the amount demanded by the city and offered to pay the amount admitted to be due. It is true that in the *Dodd* case the dispute concerned the cost of water connection, and not the amount due for water rent, and the alleged indebtedness for making the connection depended upon an independent contract; but the ruling as to the water connection is based upon and supported by citation of authorities where the water supply, as in the case sub judice, alone was considered. In support of the exception to the general rule as above quoted, the following citations are set forth: Spaulding Mfg. Co. *v.* Grinnell, 155 Iowa, 500 (136 N. W. 649); Benson *v.* Paris Mountain Water Co., 88 S. C. 351 (70 S. E. 897); Southwest Suburban Water Co. *v.* Guardians of the Poor, T. K. B. 174; Sheffield Waterworks Co. *v.* Carter, 8 Q. B. D. 645; Sedalia Brewing Co. *v.* Sedalia Waterworks, 34 Mo. App. 49; Borough of Washington *v.* Washington Water Co., 70 N. J. Eq. 254 (62 Atl. 390); McEntee *v.* Kingston Water Co., 165 N. Y. 27 (58 N. E. 785); Poole *v.* Paris Mountain Water Co., 81 S. C. 438 (62 S. E. 874, 128 Am. St. R. 923). It is apparent that this exception to the general rule is based upon sound equitable principles. It is true that equity does not generally interfere to restrain a trespass. Civil Code (1910), § 5493. But an action for damages would not

furnish an adequate remedy at law to a consumer who in good faith denies either his liability or the amount of the charge. The damages suffered from his water being shut off can not be easily ascertained or computed. Such damage is irreparable, and clearly brings such cases within the jurisdiction of equity. *Dodd* v. *Atlanta,* supra, and cit.

*Judgment affirmed. All the Justices concur.*