José Cintrón, Plaintiff and Appellant, v. The Mayagüez Light, Power & Ice Co., Defendant and Appellee.

No. 4807. Argued June 21, 1929.—Decided March 31, 1930.

*José Sabater,* for appellant.   *J. Alemañy Sosa,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

José Cintrón sought by injunction to prevent the Mayagüez Light, Power & Ice Co. from cutting off the electric current which had been furnishing light and power to the said complainant.   The facts were practically undisputed and showed that the defendant presented to the complainant a series of monthly bills amounting to $94.50 which were paid.   Then the defendant discovered that in making its charges for the time covered it should have multiplied what the meter showed by ten.   A new meter had been installed which required this multiplication.   Allowing for differences due to a change of rate the complainant would hence have owed the defendant the sum of $564.60.   Deducting the amount paid, the complainant owed the defendant the sum of $469.83.   The defendant then requested the complainant to pay the said amount or in accordance with the existing contract run the risk of having the service suspended.   Except for the suggestion that if the bills had been presented at the time due the plaintiff might have proved error, there is no question that complainant owed the defendant $469.83.   The object of the suit was to prevent the current from being suspended.

The District Court of Mayagüez held that as a general rule arrears due to mistakes in charge were collectible in the

same manner and under a similar penalty as original charges where no mistake was made, citing *Re Eagle River Light & Water Commission,* U-3400 July 3, 1926. The reference made by the court is insufficient to discover the source of its citation, but this is the rule laid down by this court in *Bothwell v. San Juan Light & Transit Co.,* 13 P.R.R. 164, and also 20 C. J. 333, Note 90.

The exceptions to the rule the court held were shown in *City of Atlanta* v. *J. E. McJenkin* (Ga.), 135 S. E. 498; see also 20 C. J. 333, Note 91. The current may not be so cut off when there is a genuine *bona fide* controversy as to the amount consumed. The authorities cited by the appellant from Cook on Corporations are to the same effect. This of course means that a court of equity, as in the cited case, has a discretion to issue or not to issue the injunction.

The lower court referred to a case similar to the present one, *Kansas Electric Power Co.* v. *W. L. Thomas,* 255 Pac. 33, although not a case of injunction. There it was held that a public service corporation could not be estopped by its negligence or error from recovering the amount due.

As there was no real dispute over the amount due the appellant does not convince us that the defendant company could not resort to the condition expressed in the contract of suspending the service in case the consumer failed to comply therewith. Under the contract there was a clear duty to pay, which was not performed.

The judgment should be affirmed.