José Cintrón, demandante y apelante, *v.* The Mayagüez Light, Power & Ice Company, demandada y apelada.

No. 4807.—*Sometido:* Junio 21, 1929.   *Resuelto:* Marzo 31, 1930.

*José Sabater,* abogado del apelante;   *J. Alemañy Sosa,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

José Cintrón trató, mediante *injunction,* de impedir a la Mayagüez Light, Power & Ice Co. que le cortara la corriente eléctrica que había estado suministrando luz y fuerza a dicho querellante. Los hechos prácticamente no fueron controvertidos, y demostraban que la querellada presentó al peticionario una serie de cuentas mensuales ascendentes a $94.50, que fueron pagadas.   Entonces la demandada halló que al hacer sus cálculos por el tiempo cubierto debió haber multiplicado por diez lo marcado por el contador.   Se había instalado un nuevo contador que exigía esta multiplicación.   Haciendo concesiones por las diferencias ocasionadas por la alteración de la tarifa, el peticionario hubiera adeudado a la demandada la suma de $564.60.   Deduciendo

la suma pagada, el peticionario debía a la demandada la cantidad de $469.83. La querellada entonces solicitó del demandante que le pagara dicha suma o que, de acuerdo con el contrato existente, corriera el riesgo de que se le suspendiera el servicio. A no ser por la indicación de que si las cuentas hubiesen sido presentadas a su debido tiempo el demandante habría probado que estaban equivocadas, no hay duda alguna de que el demandante adeudaba a la demandada la cantidad de $469.83. El objeto del pleito era impedir que la corriente fuese cortada.

La Corte de Distrito de Mayagüez resolvió que por regla general los retrasos debidos a errores en los cargos eran cobrables de igual modo y bajo penalidad similar que los cargos originales en que no se cometía error alguno, citando el caso de *Re Eagle River Light & Water Commission*. La referencia hecha por la corte es insuficiente para averiguar la fuente de la cita, pero tal es la regla sentada por este tribunal en el caso de *Bothwell* v. *San Juan Light & Power Co.*, 13 D.P.R. 168, y también en 20 C. J. 333, nota 90.

Las excepciones a la regla, resolvió la corte, aparecían en el caso de *City of Atlanta* v. *J. E. McJenkin* (Ga.), 135 S. E. 498; véase también 20 C. J. 333, nota 91. La corriente no puede ser cortada cuando existe una controversia genuina *bona fide* respecto a la cantidad consumida. Las autoridades citadas por el apelante de Cook on Corporations se pronuncian en ese sentido. Esto, desde luego, significa que una corte de equidad, como en el caso citado, tiene discreción de librar o de no librar el auto de *injunction*.

La corte inferior hizo referencia a un caso similar al presente, el de *Kansas Electric Power Co.* v. *W. L. Thomas*, 255 Pac. 33, aunque no era un caso de *injunction*. Allí se resolvió que una corporación de servicio público no podía estar impedida por su negligencia o equivocación, de recobrar la cantidad adeudádale.

Como no hubo ninguna verdadera disputa sobre la cantidad debida, el apelante no nos convence de que la compañía

demandada no podía recurrir a la condición expresada en el contrato de suspender el servicio en caso de que el consumidor dejara de cumplir con él. A tenor del contrato, existía el deber claro de pagar, lo que no,se hizo.

*Debe confirmarse la sentencia apelada.*