STATE *EX REL.* WILCOX v. SCARBOROUGH, SHERIFF.

1. EXCEPTIONS raising questions not presented to Circuit Judge, and those based on rulings not set out in "Case," will not be considered on appeal.

2. MANDAMUS—FINDING OF FACT—DISCRETION.—Upon appeal in mandamus proceedings, this Court cannot review findings of fact by the Circuit Judge, except to ascertain if there be an abuse of discretion.

3. WAIVER.—A party complying with conditions in an order appealed from thereby waives his right to have his exceptions thereto considered here.

4. PARTIES—PRACTICE.—Under the facts in this case, the execution debtor and creditor are not necessary parties to the proceeding for mandamus to compel sheriff to accept a bid, and execute title under execution sale.

5. MANDAMUS—EVIDENCE—PRACTICE—HARMLESS ERROR.—AFFIDAVITS in reply, with or without notice, is not the proper way to traverse a return to a petition for mandamus; but since those introduced here either stated immaterial facts or those which were not disputed, their admission is harmless error.

Before BUCHANAN, J., Darlington, April, 1899. Affirmed.

Petition by P. A. Wilcox for mandamus against G. P. Scarborough, sheriff of Darlington County, requiring him to accept his bid, and execute title thereunder at execution sale. From order issuing writ, respondent appeals.

*Messrs. Ward & Spears,* for appellant, cite: *Sheriff's sales*

*are for cash, and purchaser must pay at once:* 13 Am. Dec.,
287; 5 Cal., 66; 2 Gill., 481; 41 Am. Dec., 441; Speer Eq.,
485. *Instances where indulgence was given:* 16 S. C., 508;
46 S. C., 425. *Relator must allege that he has no other
remedy, which he has not done:* 17 N. Y., 983; 65 N. C.,
405; 7 Rich., 307; 15 S. C., 330; 33 S. C., 378. *Writ should
be issued only on state of unquestionable facts:* 18 S. C.,
251; 33 S. C., 279.

*Mr. Geo. G. Thompson,* contra, cites: *Liability of pur-
chaser at sheriff's sales:* Rev Stat., 2121, 8 S. C., 1. *Minis-
terial duty may be compelled by mandamus:* 33 S. C., 278;
46 S. C., 289.

Aug. 2, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is a petition for a writ of man-
damus to compel the sheriff to accept the amount for which
the petitioner bid off the land herein described, and to exe-
cute a deed of conveyance of the said land. The return of
the sheriff to the rule to show cause, which was not tra-
versed, sets forth the following statement of facts: "1. That
having certain executions in his office, as sheriff of Darling-
ton County, against J. J. Ward and C. S. McCullough, par-
ticularly two, the one entitled D. C. Milling, receiver, *v.* J. C.
Willcox, J. J. Ward, and C. S. McCullough, and the other
John Lunney *v.* J. J. Ward, C. C. McCullough, and A. C.
Spain, he was directed by Messrs. Boyd & Brown, attorneys
controlling the execution, to advertise the property described
in the seventh paragraph of the petition, in the above stated
case, with other property, for sale at public auction for cash
on salesday in December, 1898, and did so advertise the said
property and sold the same, except a portion thereof which
was withdrawn from sale on the said salesday; and the said
property described in the said petition was knocked down to
the petitioner, P. A. Willcox, for the sum of $100, he being,
at that price, the highest bidder. That on the same day
either the said P. A. Willcox, or some one for him, said to
deponent that the bid would be complied with on the next
day, and he replied that that would be all right. He denies

4—56

that he said to the said P. A. Willcox, or any one represent-
ing him, 'that he could comply later,' other than by his reply
above stated to the promise to pay him on the next day.    He
denies that the said P. A. Willcox, or any one for him, said
to him that W. F. Dargan, Esq., would attend to the matter
and pay the said bid whenever he, the deponent, might desire
it, or that he ever assented to such arrangement.    None of
the bids on the property sold as aforesaid under the execu-
tion against Ward and McCullough were complied with at
once, and he did not readvertise the property for sale on the
next salesday for the reason that the plaintiff's attorneys
directed him to await their order.    That he heard nothing
more from the said P. A. Willcox as to his bid, and the only
inquiry about it came from Messrs. Boyd & Brown, who on
several occasions made inquiry as to whether the bid had
been complied with, to which he replied that it had not.    That
some days before the time expired in which to advertise the
land for sale for salesday in February, 1899, Messrs. Boyd &
Brown told him of three parties who were ready to comply
with their bids, and directed him to call on them for compli-
ance, and upon their doing so, to readvertise for sale in Feb-
ruary all other property belonging to the first advertisement
which had been either withdrawn on December salesday or
had not been complied with.    That of the three parties
named, two of them complied at once, and the third arranged
with Messrs. Boyd & Brown for further time.    That de-
ponent then readvertised the property as directed for sales-
day in February, 1899, and of which property the interest
described in the petition in this case was a parcel.    That
when plaintiff's attorney directed him to so readvertise, they
stated that they regarded the bid made by P. A. Willcox as
forfeited by non-compliance.    That the sales aforesaid ad-
vertised for December, 1898, were advertised under the exe-
cution of D. C. Milling, receiver, *v*. J. C. Willcox, J. J. Ward,
and C. S. McCullough, and the sales advertised for salesday
in February, 1899, were by direction of plaintiff's attorneys
advertised under the execution entitled John Lunney *v*. J. J.

Ward and A. C. Spain.    That on the        day of the month
of February, an agent of P. A. Willcox came to the de-
ponent's office and made tender of the amount of his said bid,
with interest and the cost of advertisement and the cost of
conveyance, and demanded a conveyance of the said property
bid off as aforesaid by him. . That deponent at once con-
sulted plaintiff's attorneys, as was his duty, and they declined
to assent to said compliance, saying that they regarded the
bid as having been forfeited.  Thereupon deponent refused
to accept compliance with the bid and proceeded with the
said advertisement until stopped by the order served upon
him * * *."

To this return was attached the affidavit of Mr. R. W.
Boyd.   The only allegations which it is deemed necessary to
set forth are the following: "That before the said sale took
place, deponent, who had special charge of the matter, di-
rected a calculation to be made of the amount due on the said
two executions controlled by his firm, and that by an acci-
dent, a mistake was made leading to a result of over $400
less than the amount actually due on the executions.    That
owing to this mistake, several parcels of property were per-
mitted by his firm to be bid off at smaller prices than would
have been permitted had the real amount of the debt been
known; and supposing that the bids had covered the debt,
several parcels of property belonging to the said C. S. Mc-
Cullough were withdrawn from sale. * * * That after the
time in which property could have been advertised for sale
on salesday in January, 1899, the said error in calculation
was brought to deponent's notice, and feeling satisfied that
the interest that had been bid off as aforesaid by Mr. Willcox
could be made upon resale to bring considerably more than
the amount of his bid, he thought that it would be his duty to
take advantage of his non-compliance within a reasonable
time of the terms of the sale, and declare the bid forfeited.
* * *    Deponent submits that John Lunney, the execution
creditor, and C. S. McCullough, the execution debtor, have
interests in the matter that should not be disregarded, and

are necessary parties to this proceeding. Deponent further adds, what was admitted at its proper place, that he was not aware until he read the petition, that Mr. Willcox had requested Mr. W. F. Dargan or any one else to act for him in the matter of the bid. The advertisement for the sale on salesday in February was, by deponent's express direction, not at the risk of the former purchaser."

The fourth paragraph of the petition contains the following allegations: "IV. That immediately after the said sale, this relator was able and willing to comply with said bid, and he so informed the said sheriff, but the said sheriff, being very much engaged with his official duties, informed this relator that he could comply later. Thereupon this relator informed the said sheriff that W. F. Dargan, Esq., would represent this relator in said matter and would, on his behalf, pay to the said sheriff the amount of the bid whenever he desired it; to all of which the said sheriff assented, and the said sheriff, nor any one in his behalf, has never demanded a compliance with said bid." When the affidavit of Mr. W. F. Dargan was offered in evidence, to the effect that the allegations of the said paragraph were true, the appellant objected to the reading of the affidavit in reply on the sole ground that no notice or copy of the same had been served on him. The objection was overruled.

The sheriff appealed from the order that a peremptory writ of mandamus be issued against him in accordance with the prayer of the petition on numerous exceptions, some of which raise questions that were not presented upon the trial in the Circuit Court, while others raise the question that his Honor, the Circuit Judge, erred in certain findings of fact. There are also exceptions which complain of certain rulings of the Circuit Judge which are not set out in the record. Those exceptions raising questions that were not presented for the consideration of the Circuit Judge and those based upon rulings not contained in the record cannot be considered by this Court, nor can it review the findings of fact, except for the purpose of

determining whether there was an abuse of discretion on the part of the Circuit Judge. The exceptions do not impute to the Circuit Judge an abuse of his discretion, and that question is, therefore, not before the Court, but in justice to him we may say that not only was there no abuse of his discretion, but his conclusion is fully sustained by the testimony.

The only questions presented by the exceptions which this Court can consider are: 1st. Was there error in refusing to make the execution creditor and debtor parties to this proceeding? and 2d. Was there error in permitting the petitioner to introduce in evidence certain affidavits in reply, on the ground that no notice or copies of the same had been served on the appellant?

His Honor, the Circuit Judge, filed an order that the mandamus be suspended upon compliance with certain conditions therein mentioned. The sheriff has also appealed from that order, but as he has complied with the conditions, he thereby waived the right to insist upon the exception to said order.

We will proceed to consider the first of the questions raised by the exceptions, to wit: Was there error in refusing to make the execution creditor and debtor parties to this proceeding? Even conceding that they would be proper parties, there is nothing in the record showing that they are necessary parties. The facts in the case are practically undisputed, and as hereinbefore stated, the conclusion of the Circuit Judge is fully sustained by the testimony. The only result that would follow from making them parties would be a delay in according to the petitioner his rights in the premises.

We will next consider the second question, to wit: Was there error in permitting the petitioner to introduce in evidence certain affidavits in reply, on the ground that no notice or copies of the same had been served on the defendant. The introduction of the affidavits in reply was not the proper mode of traversing the return, and it

was error to allow them to be introduced either with or without notice. These affidavits, however, either stated facts that were immaterial or that were not in dispute, and the appellant was not prejudiced by their introduction in evidence. As the error was harmless, the exceptions raising this question are also overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.