(85 App. Div. 267.)

ROCKEFELLER et al. v. ST. REGIS PAPER CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. RIGHT OF APPEAL—WAIVER.

A court granted an order consolidating two actions between the same parties, and authorizing plaintiff to serve an amended complaint in the consolidated action. The amended complaint was served on defendant's attorney, who received it without objection. Defendant thereafter made an offer of judgment in the consolidated action. Subsequently the attorneys for the parties stipulated that plaintiff might serve a further amended complaint on payment of costs, the payment of which was acknowledged, and that defendant might have 20 days in which to answer. Thereafter defendant served a notice of appeal from the order, and later served an amended answer in the consolidated action. *Held*, that defendant waived his right to appeal.

Parker, P. J., dissenting.

Appeal from Special Term, St. Lawrence County.

Separate actions by William G. Rockefeller and another against the St. Regis Paper Company. From an order consolidating the actions, defendant appeals. On motion to dismiss the appeal. Appeal dismissed.

Plaintiffs brought an action to recover from the defendant the amount due to October 1, 1902, upon a contract, for timber cut and removed from land of their assignor, amounting to $5,030. Judgment was entered in that action by default, and an execution issued thereon, and returned satisfied January 19, 1903. A second action between the same parties was begun January 9, 1903, to recover the sum of $26,251.21, the amounts alleged to be due on the same contract for the months of October and November, 1902. The defendant answered in the second action, setting up the judgment in the first action, and the payment of the execution therein, in bar of the plaintiffs' claim. Thereupon a motion was made to permit the plaintiffs to pay back to the defendant the sum paid upon the judgment in the first action, to vacate and set aside the judgment, and to consolidate the two actions into one. This motion was granted upon terms, and, on the defendant's refusing to receive the return of the moneys paid on such judgment, they paid it, together with the costs imposed upon the plaintiffs by the order, into court, under the authority so to do contained in the order; and an amended complaint in the consolidated action, asking for judgment for $31,281.21, besides interest and costs, was served upon the defendant's attorney, pursuant to like authority, which amended complaint was received by the defendant's attorney without objection. Thereafter, and on February 17, 1903, the defendant served an offer of judgment in the consolidated action for $27,281.21. Afterwards, and on the 3d day of March, 1903, the plaintiffs desired to further amend their complaint in said consolidated action; and, on application to the defendant's attorney for permission so to do, the attorneys for the respective parties on that day executed a stipulation as follows: "It is hereby stipulated that the plaintiffs may serve a second and further amended complaint in the above-entitled consolidated action, upon payment of ten dollars costs, the payment and receipt of which is hereby acknowledged, and that the defendant may have twenty days from the date of such service in which to answer such amended complaint. Service of a copy of said amended complaint is admitted this day." About a week after this stipulation was signed, the defendant served a notice of appeal from the order of consolidation, and on March 24th the plaintiffs' attorney received an answer to the second amended complaint in the consolidated action. None of the appeal papers were served upon the plaintiffs' attorney until about a month and a third after the service of the notice of appeal, and the same were forthwith returned to the defendant's attorney, with the notice that plaintiffs' attorney refused to accept the same for the reason that they were not served in time, and also because the defendant had waived its right to appeal by entering into such stipulation, and by receiving benefits under the order appealed from. This motion to dismiss the appeal was brought on before this court on the first motion day of the last term, and the court decided to reserve decision of the motion until it heard the argument of the appeal which was on its calendar for that term, and which was afterwards heard.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Purcell, Walker & Burns, for appellant.

John W. Genaway, for respondents.

CHESTER, J.   A careful examination of the papers leads us to the conclusion that the appeal should be dismissed. While such dismissal would be entirely justified, under rule 41, for the failure to file and serve the printed copies of the appeal papers within the time there required, and for failure to include in such papers many of the papers specified in the order as having been used upon the motion, and also for failing to include in such papers a copy of the opinion of the court at Special Term, yet we prefer to put our conclusion to dismiss the appeal upon the ground that the appellant has waived its right to appeal. The order appealed from provided

for a consolidation of the two actions into one, and authorized the service of an amended complaint in the consolidated action, and this was served. The stipulation permitted the plaintiffs to serve a second amended complaint in the consolidated action, and, as a condition of granting such favor, the defendant received $10 from the plaintiffs, who, in turn, gave the defendant additional time to answer therein. That was a complete recognition of the existence of the consolidated action, which consolidation had been made under and by virtue of the order afterward appealed from. Before the appeal the defendant had served an offer of judgment, and since the appeal it has served an answer, both in the consolidated action. These steps, together with the stipulation, all made without any reservation whatever, are inconsistent with an attempt by appeal to procure a reversal and annulment of the order pursuant to which the consolidated action exists. Even if on appeal such order should be reversed, it is very questionable if the consolidated action would not still exist by virtue of the stipulation and the acts done pursuant and subsequent thereto.

We think, under the facts here, there is a clear waiver of the right to appeal or prosecute an appeal from the order in question, and that the appeal should therefore be dismissed, with $10 costs and disbursements.

Appeal dismissed, with $10 costs and disbursements. All concur, except PARKER, P. J., who dissents.