7660

WILSON v. ALL.

APPEAL—INJUNCTION.—The right of appeal from a temporary injunction order is waived by defendant by his giving a bond to pay plaintiff any damages he might recover, provided for under a consent order, which dissolved the temporary injunction.

Before SEASE, J., Barnwell, April, 1910. Affirmed.

Action by Z. I. Wilson against Daisy All and F. D. Bessinger. Defendant appeals from circuit order.

*Mr. James A. Willis*, for appellant, cites: *Verification of complaint:* 28 S. C., 184; 33 S. C., 253. *Injunction is only*

*granted on verified complaint:* 37 S. C., 230. *Plaintiff has a legal remedy:* Pom. Eq., sec. 1338; 17 S. C., 417; 24 S. C., 44; 42 S. C., 96; 10 Ency. P. & P., 951.

*Mr. James M. Patterson,* contra, cites: *Injunction matter settled by compromise:* 8 Cyc., 504, 501, 518; 17 S. C., 289; 15 S. C., 224; Strob. Eq., 258; 28 Ency., 527. *Appellant is estopped:* 16 Cyc., 787; 53 S. C., 382; 19 S. C., 211.

August 20, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Plaintiff brought this action to recover damages from defendants for wrongful and wanton flooding of her land and injury to same and the crops thereon, by drawing water from defendant's land on to plaintiff's land by means of a ditch, and for an injunction to prohibit continuation of such trespasses.

A temporary injunction was granted by Judge Sease, and upon motion of defendants to dissolve the same, he stated that he would continue the injunction, and at the request of defendants declared that he would require plaintiff to give bond in the sum of one thousand dollars, whereupon plaintiff's attorney offered that if the defendants would give plaintiff a bond of that sum with two sureties the plaintiff would not insist upon the injunction being enforced and would allow the water to continue to be discharged through said ditch. Defendants' attorney agreed to this and the bond was given by the defendants. Provision was made for this in the order of Judge Sease, from which defendants now appeal. The terms of the order, dated April 9, 1910, were: "That said injunction be and the same is hereby continued pending the trial of the cause on the merits, but on the defendants entering into a bond to plaintiff in the sum of one thousand dollars with the sureties who shall justify, to be approved by the clerk of the Court, the said injunction shall not issue; that the condition of said bond shall be that

the defendants will pay to the plaintiff any damages she may sustain by reason of said injunction not being enforced."

The exceptions are to the refusal of the motion to dissolve the injunction on the grounds: (1) That the verification of the complaint upon which the injunction was granted was so defective as to render the complaint unverified.

(2) That the complaint fails to allege irreparable injury and shows that plaintiff has a complete and adequate remedy at law.

We do not regard the exceptions as properly before the Court. The temporary injunction has in fact been dissolved by acceptance of and compliance with its terms by appellant. The order is in effect a consent order adjusting the situation pending the litigation in accordance with the agreement of the parties. The right of appeal from such order must, therefore, be regarded as waived. *Clement* v. *Dean,* 51 S. C., 317, 28 S. E., 942; *State* v. *Scarborough,* 56 S. C., 53, 33 S. E., 779.

The appeal is dismissed.