The German-American S. L. & B. Ass'n v. Schlenker, 170 Ill. App. 565.

party can be allowed relief. For this, we think that The People v. The General Electric Company, 172 Ill. 129, and many other well considered cases in various jurisdictions, are authority.

But neither are we prepared to assent to the position that in an appeal from an interlocutory injunction *pendente lite,* on an *ex parte* affidavit made on information and belief as to one material matter, and involving in other respects material matter of record, of which it cannot, by the nature of things, be the best evidence,—we should, by holding untrue the sworn statement of the complainant's bill that he brings the bill in behalf "of himself and all other residents, citzens and taxpayers" of the municipality similarly situated, practically finally decide the litigation on contested questions of fact.

The interlocutory injunction seems to us to have been properly allowed, and the order of the Superior Court is affirmed.

*Affirmed.*

The German=American Savings Loan & Building Ass'n et al., Defendants in Error, v. Joseph Schlenker et al., Plaintiffs in Error.

## Gen. No. 16,826.

APPEALS AND ERRORS—*effect of disclaimer.* A decree will be affirmed as to a party who repudiates the only instrument from which he could acquire title or interest in the subject-matter of the litigation where such decree imposed no burden or charges of costs upon him.

Foreclosure. Error to the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

Matthew J. Huss, for plaintiffs in error.

W. J. Lavery and Charles B. Stafford, for defendants in error.

Mr. Justice F. A. Smith delivered the opinion of the court.

The German-American Savings Loan & Building Association and Henry C. Bartling, liquidator thereof, as complainants,.filed a bill in the Circuit Court of Cook county against Joseph Schlenker and Louise Schlenker, his wife, as makers of a trust deed, Ernst Ammon as trustee, Alexander Klappenbach, as successor in trust, Andreas Decker as grantee of Joseph Schlenker, and Mrs. Andreas Decker as wife of Andreas Decker.

All the defendants except Andreas Decker and wife were defaulted for want of answer, while the Deckers by their answer filed put in issue all the material allegations in the bill of complaint.

The case was referred to a master, who reported his findings of fact. The defendants Decker interposed their objections to the report, which were overruled by the master, and by order of the circuit court the objections were allowed to stand as exceptions in court. The court overruled the exceptions and entered a decree in conformity with the master's findings in favor of the complainant. To reverse the decree the defendants Decker sued out of this court a writ of error.

The German-American Savings Loan & Building Association was incorporated in 1889 under the Building & Loan Association Act, and was doing business under its charter until about September 8, 1902, at which time the Association went into voluntary liquidation in conformity with the statute of this state. Henry C. Bartling was appointed its liquidator, and has been acting as such from the time of his appointment.

It appears from the record that the defendant, An-

dreas Decker, testified that he never obtained a deed for the property in question of Joseph Schlenker, nor did he instruct Joseph Schlenker to make him a deed. He says he was in Germany when Schlenker made the deed; the deed was never delivered to him; that he never knew anything about the clause in the deed, namely, "subject to a certain trust deed of $4,400.00 made and given July 18th, 1896, by said Joseph Schlenker and Louise his wife to Ernst Ammon, which the party of the first part assumes and agrees to pay," for he was in Germany at that time; he never collected any rent from the property, and did nothing in reference to the property after the date of this deed; he did not receive any deed from Schlenker when in Germany; that he returned from Germany in 1901, and never had any talk with Schlenker when he returned; when in Germany he received a letter from Bartling, which he sent back to his brother-in-law. On the back of the letter he wrote that he should tell Mr. Schlenker that he had nothing to do with the letter. Schlenker never sent him any paper of any sort at any time giving him any interest or claim against the property mentioned in the mortgage, nor did Schlenker to his knowledge give any paper to any person at any time.

The court entered a decree which, after finding the amount due upon the Building Association loan, orders that if the defendants or some of them do not pay to the complainant, the German-American Savings, Loan and Building Association, within three days from the date of the decree, the sum of $5,611.41, with lawful interest thereon from October 1, 1909, until paid, and also the costs of the suit, including $100, solicitor's fees, and the master's fees on the reference, taxed at $66, the premises should be sold.

It seems unnecessary for this court to consider and discuss in this opinion any of the questions assigned for error and urged in Decker's brief. The only plaintiff in error, Decker, in his answer to the bill, sets up

no claim or title to the property, and in his testimony disavows and disclaims all interest therein. He distinctly repudiates the deed from which alone he could acquire title or interest. The decree complained of imposes no burden or act of omission or commission upon him and charges him with no costs. In Gage v. Dupuy, 134 Ill. 132, it is said:

"It follows necessarily that plaintiff in error, not having set up in his answer any claim of interest in or title to the premises in controversy, cannot be prejudicially affected by the decree. Having no interest to be cut off or affected by the decree, he is in no position to complain. It has been so repeatedly held in chancery as well as in common law proceedings that a party cannot complain of error that does not affect him, that citation of authority is unnecessary."

Counsel for plaintiff in error nowhere set up or claimed in their brief any title, or what title or interest Decker has or claims, and while he relies upon a number of particular errors set forth in his brief and enumerates them and discusses them, he nowhere suggests a single decision of any court in support of any position he takes, nor a possible point of contact or relativity between any error urged and any right or interest of the plaintiff in error.

Inasmuch as the plaintiffs in error show no interest in their answer and disclaim all interest in the testimony offered in support of their answer, they cannot now be permitted to prosecute this writ of error and seek a reversal of the decree. It is immaterial to. them whether the decree is perfect or erroneous, and we must decline to discuss any of the questions raised at the instance of parties who are in no wise interested in or affected by such questions.

The decree of the circuit court is affirmed.

*Affirmed.*