# Cramp & Co. *v.* Boyertown Burial Casket Co., Appellant.

*Arbitration—Reference under Act of May 14, 1874, P. L. 166—Agreement of reference—Enforcement—Appeals.*

1. Where a case has been submitted to a referee under the Act of May 14, 1874, P. L. 166, and the parties to the agreement of reference have stipulated that the referee's findings of fact shall be final, the Supreme Court cannot consider assignments of error complaining of alleged errors in such findings.

*Contracts—Building contract—Construction—Liquidated damages—Delay—Extension of time—Certificate of architect—Evidence.*

2. In an action to recover the balance due upon a building contract, where the defense was a set off of liquidated damages at fifty dollars a day, accruing on account of delay in completing the work, and the contract provided for an extension of time to be allowed by the architects where the delay had been caused by the owner, architects or other contractors, but that "no such allowance will be made unless a claim thereof is presented in writing to the architects within five days of the occurrence of such delay, the duration of such extension to be certified by the architects," the plaintiff is entitled to allowance where claims were made within five days, notwithstanding the fact that the architects did not

make any certification of extensions until the termination of the contract, and also where the architects declined to pass upon the claims for extension of time, but the referee has found as a fact that the delay was due to causes which excused plaintiff, and that he was entitled to the extension. In such case the letter of the architect, after the close of the work, declining to pass upon claims for delay, is admissible in evidence, as showing that the architect had received notice of claims for delay, and as amounting to a refusal to make a complete award.

Argued April 3, 1913. Appeal, No. 406, Jan. T., 1912, by defendant, from order of C. P. No. 5, Philadelphia Co., June T., 1909, No. 5017, dismissing exceptions to Referee's report in case of Cramp & Co. v. Boyertown Burial Casket Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover the balance due on a building contract.

The opinion of the Supreme Court states the facts.

The contract in suit provided, inter alia, as follows: "(b) Should the contractor be obstructed or delayed in the prosecution or completion of his work by the act, neglect, delay or default of the owner, or the architects or any other contractor employed by the owner upon the work, or by any damage which may happen by fire, lightning, earthquake or cyclone, or by the abandonment of the work by the employees through no fault of the contractor, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid; but no such allowance will be made unless a claim thereof is presented in writing to the architects within five days of the occurrence of such delay, the duration of such extension to be certified by the architects."

The referee found for the plaintiff in amount $6,104.05. Exceptions to his report were dismissed. Defendant appealed.

*Errors assigned* were in dismissing exceptions to the referee's report.

*R. Stuart Smith,* with him *Henry J. Scott,* for appellant, cited: Davis v. La Crosse Hospital Assn., 99 N. W. Repr. 351, and Florida Northern R. R. v. Southern Supply Co., 37 S. E. Repr. 130.

*Joseph deF. Junkin,* for appellee.

OPINION BY MR. JUSTICE ELKIN, May 5, 1913:

This suit was brought to recover the balance due the contractor on a building contract. The defendant claims a set off by way of liquidated damages for delay in completing the work. By agreement of the parties trial by jury was waived and the case was referred under the Act of May 14, 1874, P. L. 166. In the agreement of reference it was stipulated that "the right of exception, writ of error and appeal being reserved to the parties only insofar as any question of law is concerned, it being understood and agreed that the referee's findings of fact shall be final." It will therefore be seen that the parties only reserved the right of exception and appeal on questions of law. On questions of fact the findings of the referee are final. This was the agreement of the parties and they are bound by it. This stipulation in the reference eliminates from our consideration the first, second, seventh and eighth assignments of error. These assignments relate to findings of fact and the complaint is that the learned referee erred in his findings. It is difficult to understand how these questions can be raised on appeal when it was stipulated that the findings of fact by the referee should be final. The parties only reserved the right of exception and appeal on questions of law, and having made their own stipulation, as they had the right to do, this court is not at liberty to disregard it so as to open up all questions for review on appeal.

The contract provided that for each and every day,

except Sundays and legal holidays, in which the work is delayed beyond the time fixed for completion, the contractor shall be required to pay the owner the sum of fifty dollars to be deducted from the contract price. The referee found that there was a delay in completing the building of eighty-one days, and the question before him for decision was who was responsible for this delay. The contract further provided that if the contractor was obstructed or delayed in the prosecution of the work by the neglect or delay of the owner or architects or of any other contractor employed by the owner on the work, the time fixed for completion "shall be extended for a period equivalent to the time lost by reason of any or all of the causes aforesaid." But it was also provided that "no such allowance will be made unless a claim thereof is presented in writing to the architects within five days of the occurrence of such delay, the duration of such extension to be certified by the architects." Under this stipulation it was necessary for the contractor to present a claim in writing to the architects within the five-day period and failure to do so must be deemed a waiver of the right to demand an allowance of time for the delay. It will be seen at a glance that whether the contractor was obstructed or delayed in the prosecution of the work by the owner, and whether the claim for allowance of time for completion was made in writing within five days after the occurrence, depend upon the facts. In his thirteenth finding of fact the referee adopted a suggestion or recommendation of the architects that plaintiff had been actually delayed in the prosecution and completion of the building by the owner for at least fifty-six working days. In addition to these delays the referee found as a fact that plaintiff was further delayed in the prosecution and completion of the work at least twenty-five working days, making in all eighty-one days for which the contractor was entitled to an extension of time for completion. Then follows the fifteenth finding of fact: "The aggregate amount of the

delays which plaintiff thus suffered is, therefore, at least equal to the number of working days that elapsed between January 15 and May 1, 1908." January 15, 1908, was the time fixed in the contract for completion, and May 1, 1908, was the date found by the referee when the work was substantially completed. Under these findings of fact it necessarily followed that appellant was not entitled to any deduction from the contract price on account of delay in completion because the delay was occasioned by the owner. It is urged by appellant that claims for delays were not presented in writing to the architects within the five-day period required by the contract and that the referee was not warranted in making allowances for delays for this reason. The answer to this position is found in the supplemental report of the referee in which there is the following finding of fact: "The notices of claims for delay required by Article VII, clause b, of the contract were duly given as to each of the items for which an allowance has been made by the referee." This finding of fact was based upon the twentieth finding of the supplemental report in which parts of letters giving notice of the causes of delay and claiming an allowance for the same are set forth. We think the evidence was sufficient to warrant the finding. It is also contended that the referee erred in receiving these letters in evidence after the original report was filed but before the exceptions were disposed of. There is no assignment of error which raises this question. There was an exception to the finding but the admission of the letters in evidence is not assigned for error. The order of admitting the evidence was largely in the discretion of the referee and under the facts of this case there was no abuse of that discretion in the admission of these proofs.

The main contention of appellant is that it was the duty of the architects to certify the duration of extensions claimed from time to time by the contractor for such delays as were occasioned by the neglect, delay or

default of the owner or others as specified in the contract. Hence it is argued with much force that the certificate of the architects was a condition precedent to the allowance of an extension of time for completion. It is argued that as soon as the delay occurred, or within five days thereafter, the contractor was required to present a claim in writing to the architects whose duty it was to pass upon the claim and give a certificate of extension immediately or at least while the work was in progress and within a reasonable time after the claim was made and before the work was completed. The referee did not accept this view of the meaning of the terms of the contract but held that the architects were only required to certify the extent of any allowance for delay at some time prior to the final settlement of the accounts between the parties. While there may be room for difference of opinion in the interpretation of this provision of the contract we think the conclusion of the referee is the most reasonable view to take of it. The contract required the claim for delay to be filed within five days after the occurrence, but it is silent as to the time when the certificate was to be issued by the architects. There were numerous delays and many claims for the allowance of additional time and there did not seem to be any necessity for acting on these claims until the question became a practical one between the parties. The contractor might have completed the work within the time specified even if delays did occur, and if he failed to complete in time the question of who was at fault was the fact to be determined when the dispute arose. In the absence of any provision in the contract requiring the architects to certify the duration of the extension within a specified time we concur in the conclusion reached by the learned referee that this could be done at some time prior to the final settlement between the parties. Objection is made to the admission in evidence of the architects' letter of October 24, 1908. The learned referee held that this letter was admissible for

the purpose of showing an implied declaration by the architects that they had received notices of claims for delay as required by the contract as to those items for which allowances were made. It was certainly competent evidence for this purpose and it would be sticking in the bark to hold otherwise. The referee did not treat this letter as a certificate by the architects under the contract, but found that it amounted to a refusal to make a complete award. It was regarded in the nature of an imperfect award and therefore without binding effect on the parties.

Under the facts of this case we are of opinion that all of the disputed questions upon which the rights of the parties depend were proper subjects of inquiry and decision by the referee. They were submitted to him by the agreement of reference and he has properly disposed of them. The original and supplemental reports of the referee show painstaking care and elaborate consideration of every question of law and of fact involved in the controversy. His findings of fact are fully warranted by the evidence and his conclusions of law amply sustained by the authorities. This is a case in which the findings of fact are necessarily controlling, and the referee having found the facts against appellant, there can be no reversal here except for palpable error. We find no such error.

Judgment affirmed.