P. O. NAIL, *et al., Appellants,* v. S. S. BROWNING,
*Appellee.*

Opinion Filed October 17, 1917.

1. When competent parties upon a sufficient consideration enter
   into an agreement to waive errors and not to appeal from
   the judgment of the court of original jurisdiction, their
   object being to settle their differences and terminate the
   litigation, and such agreement is seasonably brought to the
   attention of the appellate court by appropriate proceedings,
   it should be recognized and given effect.

2. An appeal should not be dismissed where some of the appel-
   lants may be heard and the decree appealed from is not
   such a joint decree as to preclude any consideration of the
   case by the appellate court without having all the parties
   to the case in the court below before it.

Motion to dismiss denied.

*A. V. Long* and *J. E. Futch,* for motion;

*MacWilliams & Bassett, contra.*

WEST, J.—This case is presented now upon a motion
of appellee to dismiss the appeal.  It is a suit brought
in the Circuit Court of Putnam County by the appellee
against the appellants for the foreclosure of a mortgage
upon certain real estate located in the counties of Put-
nam and St. Johns.

In the court below certain of the defendants, who are
appellants here, filed disclaimers.  Others made no reply
and decrees *pro confesso* were entered against them.
Others still answered the bill of complaint, but before
the final decree was entered from which this appeal was

taken, a stipulation between counsel for the complainant and counsel for the contesting defendants was entered into whereby it was agreed that the complainant would ask for no deficiency judgment against any of the defendants, in consideration of which the defendants waived all objections to any rulings made upon the pleadings or issue in the cause, and agreed that no objections would be made to the entry of a final decree in the case, and that no appeal would be taken therefrom. This stipulation is in the following language:

"*In Circuit Court, Eighth Judicial Circuit of Florida, in and for Putnam County.* IN CHANCERY.

S. S. BROWNING, *Complainant,* v. P. O. NAIL, *et als. Defendants.*

STIPULATION OF COUNSEL FOR RESPECTIVE PARTIES.

Comes now S. S. Browning, complainant, and D. W. Currie, and Kate L. Currie, his wife, and John L. Branch, and Jennie Branch, his wife, defendants, by their respective counsel, J. E. Futch, A. V. Long and Hilburn & Merryday, and stipulate and agree:

1. That said complainant, S. S. Browning, will not apply for deficiency judgment against the defendants nor any of the defendants, should there be a deficiency between the amount decreed to be paid by the defendants on final decree, and the amount realized from the sale of the mortgaged premises.

2. That the defendants waive all objections to any rulings that have been heretofore made upon the question of pleadings or issue of this cause.

3. That J. V. Walton, Esq., of Palatka, Florida, be

appointed as Special Master in Chancery to state the account and amount due for principal and interest upon the mortgage and notes secured thereby and sought to be foreclosed in this proceeding, and file the said notes and mortgage in evidence.

4.    That the said parties by their respective counsel further stipulate and agree, that $3500.00 is a reasonable fee for complainant's solicitor and counsel to receive for their service in foreclosing said mortgage.

5.    And counsel for defendants further stipulate and agree to waive any right of exception or objection to the report of the Special Master.  And to further waive the three months period in which to take testimony, and agree that upon the coming in of the Master's report that the judge of this Court enter final decree in the cause against the defendants herein; and that the said Special Master be named as Special Master to make the sale under said foreclosure in the event the amount decreed to be paid is not paid within the time named in said decree.

6.    And counsel for said defendants further stipulate and agree in consideration of the premises that no objection will be made to the entry of final decree and that no appeal will be taken therefrom.

Stipulated and agreed this 17th day of November, A. D. 1916.

J. E. FUTCH AND A. V. LONG,<br>Counsel for Complainant.<br>HILBURN & MERRYDAY,<br>Counsel for Defendants."

Final decree was duly entered, from which this appeal was taken.

Counsel for appellee now move to dismiss the appeal upon the ground that the appellants are estopped by this

stipulation from taking or prosecuting an appeal from the decree of foreclosure in the case to this court.

By the great weight of authority it is held that a party may before trial or judgment by express agreement, upon a sufficient consideration waive his right to appeal or bring error, and such agreement will be enforced by dismissal or quashing of the appeal taken in violation thereof. United States Consolidated Seeded Raisin Co. v. Chaddock & Co., 173 Fed. Rep. 577, 19 Ann. Cas. 1054 and note; Ellwell v. Focdick, 134 U. S. 500, 10 Sup. Ct. Rep. 598; Hoste v. Dalton, 137 Mich. 522, 100 N. W. Rep. 750; Townsend v. Masterson, Smith & Sinclair Stone Dressing Co., 15 N. Y. 587; Smith v. Barnes, 29 N. Y. Supp. 692; Rockefeller v. St. Regis Paper Co., 83 N. Y. Supp. 138; Wilson v. All, 86 S. C. 586, 68 S. E. Rep. 824; Arthur D. Jones & Co. v. Spokane Land & Water Co., 44 Wash. 146, 87 Pac. Rep. 65; Sargeant v. Clark, 108 Pa. St. 558; Cramp & Co. v. Boyertown Burial Casket Co., 241 Pa. St. 15, 88 Atl. Rep. 69; Mackey v. Daniel, 59 Md. 484, text 488.

There are authorities to the contrary, but we think the true rule is that when competent parties upon a sufficient consideration enter into an agreement to waive errors and not to appeal from the judgment of the court of original jurisdiction, their object being to settle their differences and terminate the litigation, and such agreement is seasonably brought to the attention of the appellate court by appropriate proceedings, that it should be recognized and given effect.

It is urged also in the brief of counsel on the motion to dismiss that an appeal can not be taken by a defendant not a party to the stipulation as to whom the bill of complaint was dismissed, nor by defendants not parties to the stipulation filing disclaimers in the court below, nor

by defendants not parties to the stipulation against whom decrees *pro confesso* were entered, and therefore that none of the appellants are in position to prosecute this appeal. This may be true of those coming within either of the first two classes mentioned (Witt v. Baars, 36 Fla. 119, 18 South. Rep. 330; German-American S. L. & B. Ass'n. v. Schlenker, 170 Ill. App. 565; Cornish & Co. v. West, 89 Minn. 360, 94 N. W. Rep. 1082), but the defendants against whom decrees *pro confesso* were entered may be heard on appeal as to any matter affecting their interest alone, the decree appealed from not being such a joint decree as to preclude any consideration of the case by this court without having all the parties to the case in the court below before it.

Inasmuch as some of the appellants may be heard on this appeal, it follows that the motion to dismiss should be denied, and it is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS. J. J. concur.