W. H. Turner, *Appellant*, v. A. T. Shelfer, *Appellee*.

Division B.

Opinion Filed January 14, 1926.

*Walter D. Payne* and *Garland Hale*, for Appellant;

*Leitner & Leitner*, for Appellee.

40

WHITFIELD, P. J.—In a bill of complaint brought by A. T. Shelfer against W. H. Turner, W. E. Wilder and Henry J. Dills, it is alleged that J. W. Glass, the owner of real estate, contracted to sell it to W. H. Turner, and put him in possession, a part of the consideration being paid and the remainder represented by promissory notes given by Turner; that Glass sold the notes to various parties and conveyed the land to J. W. Craig in trust to secure the payment of the notes; that complainant bought several of the notes, that Wilder owns two of the notes that are past due, but he will not join in this mortgage; that complainant took from Craig the title to the property and holds it subject to the rights of the holders of all the notes; that Henry J. Dills is in possession of the property as the agent of Turner and claims Turner owes him and is committing waste and refuses to deliver possession, but such claim is subordinate to complainant's rights; that Turner has defaulted in paying the notes. It is prayed that Turner be decreed to pay, and in default that the property be sold, and that Turner, Wilder and Dills and their privies be barred, &c. The decree states that Wilder answered that he had disposed of his notes and that the bill was taken as confessed against Dills. Turner answered to the merits of the bill of complaint. On final hearing the court found that complainant owned all the effective notes and decreed payment by Turner and a sale of the property upon default of payment, and that the "defendants W. H. Turner, Henry J. Dills and W. E. Wilder, and all persons claiming an interest in the land by or under the said defendants or any of them be and they are forever barred of any equity of redemption, right, claim or title in and to the said property, and they are forever enjoined from arresting or claiming any right in and to the said property or any part thereof." W. H. Turner alone appealed from the final decree.

A motion is made to dismiss the appeal on the ground that it was taken from a joint decree against Turner, Dills and Wilder, and Turner the sole appellant has not severed the other joint defendants.

The decree adjudicates the indebtedness against W. H. Turner alone and the sale of the property in default of payment which are the main elements of the decree.

In view of the facts that the bill of complaint alleges that Dill's possession was that of Turner, his principal, and that Dills confessed the bill and that Wilder disclaimed, and that the court found the complainant to be the owner of all the valid notes, even if the portion of the decree that Turner, Dills and Wilder and their privies be barred from claiming any right in the property and that they be enjoined from asserting any such right, be in its essence joint and not severable, Dills and Wilder have no substantial interest in the decree appealed from, therefore the sole appellant, Turner, the maker of the notes and the vendee of the land may on his sole appeal, test the propriety of the decree that is in substance against him alone, *viz.*, the adjudication to pay the debt, and upon default that property be sold.

An appeal should not be dismissed where some of the appellants may be heard and the decree appealed from is not such a joint decree as to preclude any consideration of the case by the appellate court without having all the parties to the case in the court below before it. Nail v. Browning, 74 Fla. 108, 76 South. Rep. 679. This ruling does not conflict with the principles announced in Armour Fertilizer Works v. N. G. Wade Inv. Co., — Fla. —, 105 South Rep. 819.

Another ground of the motion to dismiss the appeal is that it was taken May 11, 1925, and made returnable De-

cember 27, 1925, more than 90 days from its date.  Secs. 2908 and 3173, Rev. Gen. Stats. 1920.

It is, however, shown by certified copy of the record below that the recitation in the transcript that the appeal was taken May 11, is erroneous; and that the entry of appeal was filed for record on October 12, 1925, and duly recorded, making it not subject to the stated ground of the motion to dismiss.  The certified copy of the entry of appeal and of its record in the chancery order book as required by the statute will be made a part of the transcript here.

The motion to dismiss the appeal is denied.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.