968 So.2d 596 (2007)
James J. PALAWSKI, Appellant,
v.
RIVIERA SOUTHSHORE VENTURES, LLC, and John P. Fleck, Jr., Appellees.
No. 2D06-5244.
District Court of Appeal of Florida, Second District.
September 19, 2007.
Rehearing Denied November 1, 2007.
Terence Matthews, Bradenton, for Appellant.
*597 Michael D. Allweiss, St. Petersburg, and Donna J. Fudge of Buckley & Fudge, P.A., St. Petersburg, for Appellee Riviera Southshore Ventures, LLC.
No appearance for Appellee John P. Fleck, Jr.
PER CURIAM.
Affirmed.
NORTHCUTT, C.J., and SALCINES, J. Concur.
LaROSE, J., Concurs with opinion.
LaROSE, Judge, Concurring.
This is a specific performance case. The trial court entered a final judgment concluding that Riviera Southshore Ventures, LLC (Riviera) was entitled to specific performance of three real estate contracts it entered with James J. Palawski.[1]
I agree that we should affirm the final judgment. Yet, as I studied the record, a recurring question troubled meWhy are we here? The parties settled this case and I am disturbed that we must address issues that rightfully should have gone away. A brief recitation of the facts and proceedings below provides the setting for my ennui.
Mr. Palawski agreed to sell three real estate parcels to Riviera for a total of $700,000. The parties executed three separate contracts. These contracts were but part of Riviera's larger land-acquisition effort in Manatee County. Ostensibly because of the complications inherent in the land assembly process, each contract included an addendum providing specific time periods for land assembly, due diligence, and closing. Riviera was required to give Mr. Palawski various notices as it opted to progress through the various stages outlined in the addenda. This trifurcated process gave Riviera maximum flexibility to purchase and simultaneously close on numerous parcels. The contracts provided that time was of the essence.
At some point, Mr. Palawski learned that his property had been rezoned, increasing its value to approximately $2.4 million. When Mr. Palawski refused to close, Riviera sued for specific performance. In its First Amended Complaint, Riviera alleged that it had timely complied with all its contractual obligations, including giving proper notices. Mr. Palawski denied these allegations and reiterated this denial as a separate defense. Essentially, Mr. Palawski claimed that Riviera failed to provide timely notices as it moved from the due diligence stage to the closing stage. Thus, according to Mr. Palawski, this failure constituted a breach or lapse of the contracts and excused his further performance. Mr. Palawski's pleading did not mention that time was of the essence. Riviera denied his defenses. As a trial date approached, Riviera claimed that Mr. Palawski had waived any argument that time was of the essence. Mr. Palawski argued that Riviera had not pleaded waiver and was barred from raising this issue.
The parties argued at length as to whether Mr. Palawski raised an appropriate affirmative defense to which Riviera had to assert an avoidance. See Fla. R. Civ. P. 1.100(a), 1.140(h)(1). I need not detail the arguments and counter arguments. Suffice it to say that the trial court wisely ruled that if Mr. Palawski testified that time was of the essence and important to him, Riviera could present evidence demonstrating that time was not *598 of the essence. After an evidentiary hearing, the trial court found that Mr. Palawski had waived any time-of-the-essence defense. The record amply supports this conclusion. Throughout their dealings, the parties acted in a way supporting the conclusion that time was not of the essence as to providing notices or that Mr. Palawski had waived any alleged untimeliness.
All well and good. But the question still gnawsWhy are we here? The parties tried the specific performance claim on September 25, 2006. The trial court entered its final judgment on October 16, 2006. But, months earlier, on January 31, 2006, the parties settled their dispute on the record before the trial court. The terms, as announced by Mr. Palawski's counsel, were simple. Mr. Palawski would close on the three contracts. Thereafter, the trial court would hold a hearing to determine if Riviera was entitled to specific performance. If yes, no further action was contemplated. If no, the trial court would conduct another hearing to determine if the parcels were worth more than $700,000. If they were, Riviera would pay the difference to Mr. Palawski. The trial court accepted the settlement and described its general terms in the final judgment. Mr. Palawski, in fact, closed on the three parcels.
I cannot say that the parties acted irrationally. Riviera needed the land and apparently was willing to risk paying more. Mr. Palawski, for his part, created the potential for a bigger payday. The trial court's continued involvement served no purpose other than as the vehicle to determine whether more money would change hands under the settlement. The parties knew this. They specifically agreed that they would not appeal any trial court ruling on the specific performance issue or the damage issue. Nonetheless, after the trial court concluded that Mr. Palawski was entitled to no more, all in accord with the parties' settlement, Mr. Palawski turned to us.
There can be no mistake. The parties settled the case, performed their settlement obligations, and waived any appellate rights. I am aware of nothing that prevents parties in civil litigation from waiving these rights. Settlements bring peace. Obviously, the settlement between Mr. Palawski and Riviera does not fit within that paradigm.
Unfortunately, however, we are forced to address the issues on appeal. Mr. Palawski presented us with a trial court's final judgment. This final judgment is an appealable order. See Haas v. Roe, 696 So.2d 1254, 1254 n. 1 (Fla. 2d DCA 1997). Whether we like it or not, Mr. Palawski, without objection from Riviera, invoked our jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A) (providing that "[d]istrict courts of appeal shall review, by appeal, . . . final orders of trial courts."). The parties did not address the settlement in their briefs or in any motions allowed under our rules. Fla. Dep't of Agric. & Consumer Servs. v. City of Pompano Beach, 792 So.2d 539, 543 n. 4 (Fla. 4th DCA 2001) (noting standing issue not raised on appeal). I conclude that we are powerless to ignore this appeal. See In Interest of D.E.N., 504 So.2d 514, 515 (Fla. 5th DCA 1987) (holding appellate court does not determine issues not raised on appeal). Decades ago, our supreme court observed that
when competent parties upon a sufficient consideration enter into an agreement to waive errors and not to appeal from the judgment of the court of original jurisdiction, their object being to settle their differences and terminate the litigation, and such agreement is seasonably brought to the attention of the appellate court by appropriate proceedings, *599 it should be recognized and given effect.
Nail v. Browning, 74 Fla. 108, 76 So. 679, 680 (1917) (emphasis added).
Whether Mr. Palawski waived his appellate rights was not an issue framed for us by the parties. Hesitant as I am to interfere with the parties' right to preserve and select the issues they want us to address, I conclude that the trial court did not err in entering a final judgment in favor of Riviera. In the process, however, the parties spent more money, the lawyers devoted additional time to the case, and other appellate cases awaited our attention as we focused on a matter that seems to me to have been finally and absolutely settled.
NOTES
[1] Mr. Palawski contracted with Riviera's predecessors-in-interest. Riviera sued for specific performance as assignee of the contracts. Solely for convenience, I will treat Riviera as the party contracting with Mr. Palawski.